ROGERS et al. v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

No. 10597.

Circuit Court of Appeals, Ninth Circuit.

April 28, 1944.

Matt Goldstein, of Fresno, Cal., for appellants.

Louis Ferrari, of San Francisco, Cal., and Edmund Nelson and J. A. Lazaroni, both of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

A conciliation commissioner acting as a referee in bankruptcy made an order awarding appellant Rogers the sum of $1,500 as attorney's fees for legal services rendered appellants Miron and Hagoohi Rustigian, bankrupts under § 75, sub.s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub.s. Appellee Bank petitioned the District Court for review, and the order was reversed. Rogers and the bankrupts appeal.

The legal services involved herein were rendered in connection with an action brought (after the adjudication of bankruptcy) in the Superior Court of California by one E. B. Campbell against the bankrupts. The Bank was the assignee and successor in interest of Campbell, who had brought an action to quiet title to the farming property which together with the increment therefrom is the sole asset of the bankrupt estate. The action was defended by Rogers, who, upon oral approval of the commissioner and without a verified or any written petition therefor, associated two other lawyers with him for the purpose. After a jury verdict in favor of the bankrupts the court granted a new trial, and an appeal from its order was pending at the time of the hearing on the instant matter.

The Bankruptcy Act, § 39, sub.c, 11 U.S.C.A. § 67, sub.c, specifies that "A person aggrieved by an order of a referee may * * *, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. * * *"

■ The authority for instigating and maintaining the review of a referee's order by a judge under § 39, sub.c, is restrictive. It is granted only to those who have immediate interests in the bankrupt estate as such and does not include those who would be indirectly affected by the order. In re Western Pac. R. Co., 9 Cir., 122 F.2d 807, 808; In re Snyder, 9 Cir., 4 F.2d 627.

■ In its petition for review the Bank alleged that it claimed title to the real property in the estate, that the title was the subject of pending litigation, that the rents, issues and profits from the real property constituted the only funds available for the payment of the attorney's fees in question, and that therefore this payment from the estate would necessarily be by money owned by the Bank. The facts show that the money paid out by order of the conciliation commissioner was on account of attorney's fees in the defense of the estate's title. It can hardly be seriously contended that estate money cannot be used for such a purpose; otherwise an estate in bankruptcy would be helpless in attack. Furthermore, there is nothing in the record to the effect that the quiet title action pending in the state court includes a claim of right by the plaintiff therein to the rents, issues and profits of the real estate while in the legal possession of the bankrupts and the bankruptcy court. And it seems evident that the record justifies the conclusion that the rents, issues and profits of the real estate are possessed by the bankruptcy estate and are subject to any proper estate use.

It must be borne in mind that there is no charge herein of mismanagement of the estate nor charge of fraud.

■ The Bank has filed no claim in the bankruptcy proceedings; it does not occupy the status of a creditor or lienor. It is a stranger to those proceedings and therefore cannot be considered a "person aggrieved" within the meaning of § 39, sub.c.

■ The Bank argues that because it was served with notice of the hearing before the conciliation commissioner, filed objections, and took an active part therein, it is now entitled to review the order resulting. None of the cases cited in support of the argument suggest that merely because a person is allowed to participate in a hearing before the conciliation commissioner, he may petition for review even though he has no direct interest in the order to be reviewed. Such a conclusion would be directly contrary to the terms of § 39, sub.c, and cannot be supported.

We conclude that the Bank was not entitled to petition the District Court for review of the matter involved herein.

Reversed.