**In the Matter of CONSOLIDATED RE-TAIL STORES, Inc., Debtor.**

United States District Court
S. D. New York.
Dec. 12, 1957.

Simon Haberman, New York City, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Lloyd K. Garrison,

Joseph S. Siegel, New York City, of counsel, for petitioner.

Lipkowitz & Plaut, New York City, Irving D. Lipkowitz, New York City, of counsel, for debtor.

HERLANDS, District Judge.

This is a petition to review a Referee's order, dated October 2, 1957, confirming an arrangement of the debtor, Consolidated Retail Stores, Inc. under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The debtor is a large national corporation, whose stock is listed on the American stock exchange.

An amended plan of arrangement with the creditors was entered into on July 26, 1957 and confirmed on October 2, 1957. None of the creditors have objected to the plan.

The gravamen of the objection now interposed by the petitioner is that, simultaneously with the Chapter XI arrangement, a voluntary recapitalization of the debtor corporation was effectuated under Delaware law and outside the Chapter XI proceedings. The petitioner charges that the Court was not informed that a recapitalization was taking place and that it was a condition of the arrangement. The charge is belied by the minutes of a hearing on October 2, 1957 before the Referee and the affidavit of Charles Ballon (para. 9), counsel to the Creditors' Committee. These indicate that the Court was made aware of this situation before the arrangement was confirmed.

The crux of petitioner's position is the assertion that the arrangement consummated under Chapter XI was, in reality, a reorganization that should have proceeded under Chapter X, 11 U.S.C.A. § 501 et seq.

The debtor opposes this petition initially on the ground that the petitioner has no standing to petition for review.

The petition is one to review the Referee's order under Bankruptcy Act, § 39(c), 11 U.S.C.A. § 67(c). To some extent, however, the petitioner also relies on Bankruptcy Act, § 328, 11 U.S.

**492**

C.A. § 728. Giving the petitioner the benefit of any possible procedural theory to sustain her standing in the present proceeding, the Court will consider the petitioner's status under both sections of the Bankruptcy Act (11 U.S.C.A. §§ 67 [c], 728).

Section 728 relevantly provides:

"The judge may, upon application of * * * any party in interest * * * if he finds that the proceedings should have been brought under chapter 10 of this title, enter an order dismissing the proceedings under this chapter, unless, within such time as the judge shall fix, the petition be amended to comply with the requirement of chapter 10 of this title for the filing of a debtor's petition or a creditors' petition under such chapter, be filed."

■ If the petitioner had moved under section 728 prior to confirmation, she would have had sufficient standing to raise the issues she now proffers. General Stores Corp. v. Shlensky, 1956, 350 U.S. 462, 76 S.Ct. 516, 100 L.Ed. 550. But, correctly argues the debtor, it is now too late for the petitioner to move under section 728: "Surely, no proceedings may be dismissed after they have been terminated by a confirmation order; no petition may be amended once it has been approved and the arrangement proposed by it has been accepted and put into effect by a confirmation order."

While it seems clear that section 728 relates only to a case where a proceeding is still pending before the Referee, this Court's decision need not be predicated solely on that ground. As the case now stands, the arrangement has been confirmed and it is substantially consummated. The shareholders, both common and preferred, have already overwhelmingly approved the debtor's financial arrangement. Not a single creditor objected to the plan. All the appropriate implementing steps have been taken. Nothing remains to be done other than to execute the arrangement.

The petitioner had the opportunity to move under section 728 at any time after the bankruptcy petition was filed on September 28, 1956. But the petitioner made no motions to dismiss or transfer the proceedings. On the contrary, when the proposed arrangement was presented to the debtor's shareholders, the petitioner attempted to defeat the proposal by soliciting and obtaining proxies. The stockholders' meeting was held on September 10, 1957, at which time the proposal was approved by the required vote.

Thus, during a period of over a year, the petitioner slept on her right to move under section 728, bestirring herself only after the arrangement was finally approved by the Referee. In the present posture of the case, it would be manifestly prejudicial to the rights of the debtor and all other interested parties to permit the petitioner now to proceed under section 728. All of the equities argue against the petitioner.

The petitioner also claims that she is "a person aggrieved" under section 67 (c). The petitioner's involuted argument appears to be the following: since the petitioner could have moved under section 728 to have the proceedings either dismissed or amended into Chapter X proceedings, the petitioner may now challenge the confirmed arrangement on the same ground, i. e., that the proceedings should have been conducted under Chapter X. Moreover, according to the petitioner, the plan that was actually effectuated in this case was not a Chapter XI arrangement but a Chapter X reorganization. With the latter conclusion as a premise, the petitioner then argues that she is "a person aggrieved" under section 67(c).

■ The petitioner, a preferred shareholder of the debtor corporation, is not "a person aggrieved" under section 67(c). In re F. P. Newport Corporation, Ltd., 9 Cir., 1938, 98 F.2d 453, 455–456; In re Greenebaum Bros. & Co., Inc., D.C.E.D.Penn.1945, 62 F.Supp. 769, 771; In re Downtown Wet Wash Laundry, Inc., D.C.S.D.N.Y.1931, 53 F.2d 133. See 8 Remington, Bankruptcy (6th ed.

1955) section 3401. As a shareholder, the petitioner has been and is represented by the debtor corporation. As such shareholder, she has no standing to petition for review of the Referee's confirmation order.

Finally, it should be pointed out that, upon the oral argument herein and in her brief, the petitioner admitted that she failed to comply with Rule XI–8 of the Bankruptcy Rules of this Court, which provides:

"No opposition to the confirmation of an arrangement shall be heard unless at or prior to the time set for hearing, verified written objections, specifying the grounds of opposition, shall have been' served on the debtor or his attorney and filed."

The petition is dismissed.