296 F.2d 107
 In the matter of GINGER MACHINE PRODUCTS CORPORATION,
Alleged Bankrupt.
George L. GINGER, Appellants,
v.
DETROIT TRUST COMPANY, also known as The Detroit Bank and
Trust Company, Receiver, Appellee.
 No. 14487.
 United States Court of Appeals Sixth Circuit.
 Dec. 4, 1961.
 
 George L. Ginger, Detroit, Mich., in pro. per., for appellant, Henry W. Harmon, Detroit, Mich., on the brief.
 George P. Dakmak, Kenney, Radom & Rockwell, and Avern Cohn, Detroit, Mich., for appellee.
 George P. Dakmak, Schmier & Schmier, Detroit, Mich., for trustee.
 Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court denying a petition for review of an order of the Referee in Bankruptcy closing the bankrupt's estate. No brief was filed in this Court by appellee. Both parties were heard, however, at oral argument. The Referee had issued an order to show cause why the estate should not be closed. In response thereto, appellants filed an answer alleging that certain matters referred to a former Referee by the District Court, by order entered on May 16, 1952, had not been disposed of. A hearing was had and the Referee found that each of said matters had in fact been adjudicated by orders entered by said former Referee on September 1 and 2, 1955. No petition was ever filed by appellants for review of said orders of said former Referee within ten days after the entry thereof as provided by statute. 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. 67, sub. c. Appellants previously had sought a collateral review of said orders by motion filed in the District Court which was denied. In the present proceedings, appellants again seek to collaterally attack said orders of said Referee. These orders are not subject to collateral attack. Johnson v. Wilson, 118 F.2d 557 (C.A.9).
 
 
 2
 The Referee found that the said orders of the former Referee finally disposed of all matters remaining for disposition in the bankrupt's estate and ordered that it be closed. We find no error in the order of District Judge Kaess affirming the order of the Referee.
 
 
 3
 The order of the District Court is, therefore, affirmed.