In the Matter of SUNNINGDALE COUNTRY CLUB, Bankrupt.

Irving MILLER and Sarah Miller, Appellants,

v.

Robert S. GOSLINE, Trustee, Appellee.

No. 15870.

United States Court of Appeals Sixth Circuit.

Oct. 7, 1965.

Steven L. Markowski, and William Kent Fenton, Toledo, Ohio, for appellants.

Robert B. Gosline, Toledo, Ohio (Carl J. Marlow, Toledo, Ohio, on the brief), for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal by Irving Miller and Sarah Miller from an order entered by a United States District Judge on January 22, 1964, denying appellants' motion for an order directing a Referee in Bankruptcy to issue a certificate for review upon appellants' petition for review. The issues involved arose in proceedings concerning the Sunningdale Country Club, Inc., a bankrupt. The appellants were general creditors and former officers and shareholders of the bankrupt corporation. By their Petition for Review, filed on April 19, 1963, appellants sought review by the District Judge of orders entered by the Referee on April 11, 1963, overruling Irving Miller's exceptions and objections to the allowance of an account of the trustee of the bankrupt and denying his motion to vacate and set aside a certain contract that had been entered into and certain sales of the assets of the bankrupt that had been made by the trustee. On June 4, 1963, the Referee entered an order dismissing the said Petition for Review for failure of appellant-petitioners to comply with Rule 16(b) of the Bankruptcy Rules for the Northern District of Ohio which provides:

"A person filing a petition for review of an order by the referee shall, with such petition, * * * *file a transcript or summary of the evidence adduced upon the hearing of the matter sought to be reviewed,*

*sufficient to show the errors complained of.* The referee shall give prompt notice of the filing of such transcript or summary to all opposing parties, who shall have ten days from the receipt of said notice to file objections or amendments to such transcript or summary. The referee may adopt the summary or the objections and amendments thereto of any party, or he may prepare his own summary of the evidence." (Emphasis supplied.)

The foregoing local rule was adopted under authority of Order 56 of the General Orders in Bankruptcy. It is not claimed that adoption of this rule was beyond the rulemaking authority granted by General Order 56, which provides:

"Each court of bankruptcy, by action of a majority of the judges thereof, may from time to time make and amend rules governing its practice in proceedings under the Act *not inconsistent with the Act or with these general orders."* (Emphasis supplied.)

Presumably Local Rule 16(b) is designed to supplement Section 39, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. a(8), which requires that upon the filing of petitions for review of referees' orders, the referees shall "prepare promptly and transmit to the clerks certificates * * * together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits * * *."

Following the June 4, 1963, order of the referee dismissing appellants' Petition for Review, appellants on June 14, 1963, filed with the referee a Motion For New Trial whereby they moved the referee "to vacate and set aside the judgment and orders denying the Petition for Review * * * and for a new trial * * * in the * * * action in which judgment was entered on June 4, 1963." This motion did not challenge the procedural propriety of the referee's June 4 dismissal of appellants' Petition for Re-

view, but sought further hearing on the merits and accompanied the motion with a transcript of the proceedings of April 4, 1963, underlying the orders of April 11, 1963, for failure to have filed which appellants' timely Petition for Review had been dismissed by the referee.

On June 26, 1963, the referee denied and overruled the motion for new trial so filed on June 14. Appellants did not seek District Court review of the referee's orders of June 4 and June 26, 1963, dismissing their petition for review of the referee's April 11 order and denying their motion for new trial. Instead they sought review of both orders by direct appeal to this Court. On October 2, 1963, this Court entered its order granting the motion of the trustee in bankruptcy to dismiss such appeal on the ground that neither the June 4 or June 26 orders were appealable to this Court. In re Sunningdale Country Club, Inc., No. 15,518. See In re Miller, 111 F.2d 28, 34 (CA 6, 1940); In re Chelsea Hotel Corp., 241 F.2d 846, 848 (CA 3, 1957).

Because of the serious charges of mismanagement, corruption and collusion in the handling of the bankrupt estate that were made by the appellants to support their abortive appeal to this court, we considered it appropriate not to foreclose any other remedies that might yet be employed to vindicate their claims. We accordingly stated that our dismissal of the appeal was

"without prejudice to the employment by appellants of such remedies as may yet be available to them in the district court and without prejudice to the right of the district court to inquire into and review the propriety of the referee's dismissal of the petition for review which was timely filed under date of April 19, 1963."

We further observed in our order that the appellants had not "applied to the district court for an order to compel the referee to transmit the petition for review," citing In re Klein's Outlet, Inc., 49 F.Supp. 375 (S.D.N.Y.1943). Notwithstanding our invitation to appellants

on October 2, 1963, to attempt further action, no action was taken by them until January 2, 1964, when a motion was made to the District Court for an order compelling the referee to prepare and file a certificate to implement appellants' petition for review filed on April 19, 1963. In the meantime, on October 8, 1963, the referee entered an order approving the final account of the trustee reciting that,

> "It appearing to the Court that Robert B. Gosline, the Trustee in this cause has reduced the property and effects of the Bankrupt's estate to cash; that the Trustee has made distribution thereof as required by the order of this Court by issuing checks and delivering them to the Court for countersignature and has rendered a full and complete account thereof, and that the Trustee has performed all other and further duties required of him in the administration of the estate;
>
> "IT IS ORDERED that the accounts of the trustee be and they hereby are approved and allowed."

No petition to review this final order of the referee was at any time filed and accordingly such order has become final. 11 U.S.C.A. § 67, sub. c.

The motion to compel a referee's certificate was not made until nearly three months after the now final order allowing the trustee's account closing the bankrupt estate. This appeal challenges the District Judge's order entered on January 22, 1964, denying this belated motion as follows:

> "The court, being fully advised in the premises, finds that all orders of the Referee entered in this proceeding *have become final either by confirmation of this Court or by lapse of time;* that the administration of the bankrupt estate has been completed; that the final account of the Trustee in Bankruptcy has been filed and approved by the Referee in Bankruptcy; that the order approving such account has become final by lapse of time; that the issues attempted to be raised by the movants

*are therefore moot;* that neither Irving Miller nor Sarah Miller was a party aggrieved by the orders of April 11, 1963 to which the April 19, 1963 petition for review was directed; and that such petition was not filed in compliance with the rules of this Court and should therefore be dismissed.

> "It is therefore ordered that the motion of Irving Miller and Sarah Miller for an order directing the Referee in Bankruptcy to issue a certificate on petition for review be, and it hereby is, overruled and that the order of the Referee in Bankruptcy dismissing the April 19, 1963 petition for review be, and it hereby is, approved, confirmed and adopted."

The District Judge bottomed his order on the several grounds (a) that all matters sought to be reviewed by the April 19, 1963, petition for review had become barred by previous and final orders antedating the April 11, 1963, order which was the subject matter of the April 19 petition; (b) that appellants were not parties aggrieved by the order of April 11, 1963; and (c) that the petition for review of April 19 was not filed in compliance with the relevant court rule. We believe that this order was dispositive of all matters sought to be litigated by appellants' April 19, 1963 petition for review and should be affirmed.

## A. *Finality of Previous Orders.*

■ It would needlessly prolong this opinion to set forth the many orders that preceded the referee's order of April 11, 1963. These orders, in the main, dealt with the sale of real estate comprising the golf course owned by the bankrupt Sunningdale Country Club, its equipment and some choses in action allegedly owned by the bankrupt. Attack is made primarily on the sale of the golf course and its equipment for less than 75% of its appraised value of approximately $790,000 without approval of the District Court, as required by Section 70, sub. f of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. f. The sale for $390,000 was duly re-

ported to and confirmed by the referee and by the District Court on petition for review. No further appeal was taken from the District Court's order, which was entered in July, 1961. Present charges that the sale was grossly collusive and improper are barred by the orders confirming the sale. Such is true also of charges concerning the trustee's sales of miscellaneous personal assets of the bankrupt and of miscellaneous charges of misconduct of the trustee. All of these matters became res judicata by orders of the referee not sought to be reviewed, or by orders of the District Court where petitions for review had been made. 11 U.S.C.A. § 67, sub. c; See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36, 40 (1950); Heiser v. Woodruff, 327 U.S. 726, 733, 735, 66 S.Ct. 853, 90 L.Ed. 970, 976, 977 (1946); In re Acme Furnace Fitting Co., 302 F.2d 318, 320 (CA 7, 1962), cert. denied, 371 U.S. 853, 83 S.Ct. 89, 9 L.Ed.2d 88 (1962); In re California Lumber Corp., 227 F.Supp. 63 (S.D.Cal. 1964); 2 Remington, Bankruptcy § 619, p. 78 (6th ed. 1956); 5 Id. §§ 2312, 2313 (1953); Compare In re Ginger Prods. Corp., 296 F.2d 107 (CA 6, 1961).

*B. Appellants were not parties aggrieved.*

The appellants were general creditors and former officers and shareholders of the bankrupt. From various orders entered, it appears that the Sunningdale Country Club was originally financed by a first and a second mortgage, both of which were under foreclosure when Irving Miller joined in an involuntary petition to declare the Club a bankrupt. No question is raised as to the validity of and the amount due under such mortgages, which totalled $454,754.05 at the time the club's assets were sold. This amount was greater than the sum of $418,541.08, the total receipts of the trustee from all sources. Thus, after payment of the expenses of administration, there were not sufficient funds to pay in full the mortgage liens and there was nothing left for the general creditors or shareholders.

■ We believe it was within the province of the District Judge to find that neither appellant was "a person aggrieved" entitled to seek review of the referee's order of April 11, 1963 under Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. As stated by the Ninth Circuit, the authority conferred by this section to petition for review of a referee's order "is restrictive. It is granted only to those who have immediate interests in the bankrupt estate as such and does not include those who would be indirectly affected by the order." Rogers v. Bank of America Nat. Trust & Sav. Ass'n., 142 F.2d 128, 129 (CA 9, 1944). In assessing what is a direct interest, moreover, the District Judge was free to use his "practical common sense." Hartman Corp. of America v. United States, 304 F.2d 429, 431 (CA 8, 1962). See generally In re Forrest A. Heath Co., 159 F.Supp. 632, 633 (D.Colo. 1958), aff'd, 260 F.2d 333 (CA 10, 1958); In re Consolidated Retail Stores, Inc., 157 F.Supp. 490, 493 (S.D.N.Y.1957); In re Camp Packing Co., 146 F.Supp. 935 (N.D.N.Y.1956); 8 Remington, Bankruptcy § 3401 (6th ed. 1955). We are unable to find error in the District Judge's ruling here.

*C. District Court dismissal of the April 1963, petition for review.*

■ Upon appellants' motion to the District Court to compel the referee to issue a certificate on review, the District Judge found that the petition for review involved "was not filed in compliance with the rules of this court [Local Rule 16(b)] and should therefore be dismissed." The procedural propriety of dismissal by the referee himself may be questioned in light of the general view that "a referee has no option but to comply with" the provision requiring preparation of a certificate upon petition for review. 8 Remington, Bankruptcy, § 3412 (6th ed. 1955); see also In re Klein's Outlet, Inc., supra. That an exception may exist in clear cases of non-compliance with local rules, however, is indicated by the dictum in In re Robinette, 34 F.Supp. 518, 519 (W.D.Va.1932).

Wholly apart from this question, we consider that the District Judge had authority to approve and adopt as his own the referee's order dismissing the petition for review and that he acted properly in doing so here.

█ In conclusion it should be noted that the present appeal to this United States Court of Appeals cannot be used as a substitute for a timely request for investigation of alleged irregularities nor for timely use of the procedures that the bankruptcy laws make available to all persons claiming to have suffered from wrongdoing. The petitioners have had opportunity to support with proof their averments of mismanagement, corruption and collusion in the handling of the bankruptcy estate in the present case. But they have failed to follow through with use of available review procedures which would have given this Court the opportunity to rule upon the validity of their colorful complaints.

Judgment of the District Court is affirmed, and this Court's order of May 15, 1964, staying the said judgment and staying the Referee's final order of October 8, 1964, is hereby vacated.