413 F.2d 1273
 Charles D. CROSBY, Plaintiff-Appellant,
v.
Walter Bevan MILLS; Bonnie Roberts Mills; George W. Sperlak;
The West Aspen Company, a Colorado corporation; Kingcrest
Corporation, a Colorado corporation; Bennett King; Paul B.
Rodden; and Rodden, Cooper, Woods and Mitchell, a
partnership, Defendants-Appellees.
 No. 149-68.
 United States Court of Appeals Tenth Circuit.
 Aug. 6, 1969.
 
 Lynch, MacIntosh & Lynch, and Daniel F. Lynch, Denver, Colo., submitted on brief for plaintiff-appellant.
 Rodden, Cooper, Woods & Mitchell, Denver, Colo., submitted on brief for defendants-appellees.
 Before LEWIS, BREITENSTEIN and HOLLOWAY, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 Plaintiff-appellant Crosby brought an independent action against defendants-appellees Mills and others to have certain orders of the referee, in bankruptcy proceedings brought under Chapter XII of the Bankruptcy Act, 11 U.S.C. 801-926, by Mills, declared void. There is no diversity of citizenship. The trial court held that the action was an impermissible collateral attack against the orders of the referee and that it had no jurisdiction.
 
 
 2
 Mills filed the Chapter XII proceedings on December 13, 1965. The first meeting of the creditors was held January 14, 1966. On that day an order was entered that Mills file the bond required by 11 U.S.C. 826 for the protection of creditors. No bond was filed within the time fixed. On an application of Crosby and after hearing, the referee, on March 14, 1966, held that a certain deed passed title to Crosby as an absolute conveyance and not as a security transaction. Thereafter Crosby moved to dismiss the bankruptcy proceedings on the ground that Mills had not filed the required bond. On July 18, 1966, the referee held that dismissal under 11 U.S.C. 827 was discretionary and refused to dismiss. There was no review of this order.
 
 
 3
 After a hearing, the referee, on September 7, 1966, held that Mills had an equitable interest in the real estate covered by the mentioned deed. Time was given for a modified plan. On October 21, 1966, the referee determined the value of the equitable interest. Mills petitioned the district court for review of the March 14 order and Crosby petitioned for review of the September 7 and October 21 orders. The district court upheld the referee. No appeal was taken from the decision of the district court.
 
 
 4
 Two other orders of the referee must be mentioned. One, dated April 17, 1967, authorized the sale of corporate stock, and the other, dated August 3, 1967, directed the trustee to make a correction deed. No review was sought of either of these orders.
 
 
 5
 On August 4, 1967, the referee, pursuant to 11 U.S.C. 827, dismissed the bankruptcy proceedings because of the failure to file the bond required by the January 14, 1966, order. The referee held that to remand the debtors to the state courts 'would afford the best opportunity to pay their creditors' and that 'the interest of the creditors would best be served by an immediate dismissal of the proceedings.' No review was had of this order.
 
 
 6
 The complaint in the instant action was filed on April 10, 1968. It attacks the August 4 order of dismissal, the April 17 order relating to the corporate stock, and the August 3 order for deed correction. Federal jurisdiction is asserted under 28 U.S.C. 1334 which gives federal district courts original jurisdiction 'of all matters and proceedings in bankruptcy.' The district court held that the action was a collateral attack on the orders of the referee and that 1334 did not confer jurisdiction.
 
 
 7
 Although the answer to the jurisdictional question is not free from doubt, we believe that the district court had jurisdiction. Section 1334 covers matters and proceedings in bankruptcy. The orders under attack were entered in such proceedings. Crosby seeks relief from those orders under Rule 60(b), F.R.Civ.P. That rule is not inconsistent with the provisions of the Act and is within the purview of General Order 37. We believe that the better practice would be to assert Rule 60(b) claims by an application directed to the referee but we are unwilling to say that the failure to follow such procedure is fatal to jurisdiction. When an independent action is brought to obtain Rule 60(b) relief in the federal court that rendered the initial judgment, there is ancillary jurisdiction over the action despite absence of a federal question or diversity of citizenship. Martina Theatre Corporation v. Schine Chain Theatres, Inc., 2 Cir., 278 F.2d 798, 800, note 1. See also Pacific Railroad of Missouri v. Missouri Pacific Railway Company, 111 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498. Here relief is sought from orders of the referee in a bankruptcy proceeding initiated in the District of Colorado. We are of the opinion that the district court had ancillary jurisdiction under 1334.
 
 
 8
 The briefs of the parties both attack and defend the sufficiency of the complaint. Because of the dismissal on jurisdictional grounds, the district court did not consider or decide these issues. The desirability of prompt disposition of bankruptcy matters impels us to recognize, rather than ignore, the arguments presented.
 
 
 9
 Some general principles should first be noted. The Bankruptcy Act sets up an orderly procedure for review of referees' orders by the district court, 11 U.S.C. 67(c), and by the court of appeals, 11 U.S.C. 47(a). Section 39(c) of the Act, 11 U.S.C. 67(c), provides that unless a petition for review is filed as there authorized, 'the order of the referee shall become final.' This finality has been recognized by the courts. See Standard Brass Corporation v. Farmers National Bank of Belvidere, 7 Cir., 388 F.2d 86, 90, and In the Matter of Sunningdale Country Club, 6 Cir., 351 F.2d 139, 142.
 
 
 10
 Rule 60(b) says that motions thereunder shall be filed within a reasonable time and, in certain situations, not more than one year after the entry of the judgment or order. The rule permits an independent action and prescribes no time limitations for such action. In the absence of a controlling statute, the only time limitation is the equitable doctrine of laches. 7 Moore's Federal Practice 630. Laches is an important consideration in bankruptcy proceedings because the chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.' Katchen v. Landy, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391, quoting Ex parte Christy, 3 How. (44 U.S.) 292, 312, 11 L.Ed. 603.
 
 
 11
 The district court sitting in bankruptcy had jurisdiction over the parties and power to decide the issues presented. Its determinations, although open to direct review, may not be assailed collaterally. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; see also Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 446, 60 S.Ct. 1044, 84 L.Ed. 1293. An independent action attacking orders of the referee may not be substituted for the review by timely petition which the Act authorizes. We believe that this position is sound whether the independent action seeking Rule 60(b) relief is considered as a direct or as a collateral attack. Cf. 7 Moore's Federal Practice P60.41(a) at 804-805 and Restatement, Judgments 112, at 526-537. Resort to an independent action may be had 'only under unusual and exceptional circumstances.' 3 Barron and Holtzoff, Federal Practice and Procedure 1331, at 433.
 
 
 12
 The first claim attacks the August 4, 1967, order dismissing the bankruptcy proceedings because of failure to post the bond. The pertinent allegation is the lack of notice required by 481(2), 11 U.S.C. 881(2). That section provides that upon the withdrawal, abandonment, or rejection of an arrangement, or in certain other specific situations, the court 'after notice to the debtor, the creditors, and such other persons as the court may direct' may adjudge the debtor a bankrupt or dismiss the proceedings. The difficulty is that the dismissal was not under 481(2) and none of the prerequisites to the applicability of that section is shown.
 
 
 13
 The motion to dismiss because of failure to file a bond was made by Crosby. When the referee, on July 18, 1966, denied the motion without prejudice to a further hearing thereon, he expressly stated that such further hearing would be 'upon notice as required by Sec. 427.' That section, 11 U.S.C. 827, requires notice to the debtor and the creditors' committee before adjudication or dismissal. There is no contention that the notice failed to comply with 427. We believe that the notice was sufficient.
 
 
 14
 Before this court, Crosby argues that if the August 4, 1967, dismissal was proper it should be entered nunc pro tunc as of January 26, 1966, when the default in the bond requirement occurred. The purpose of this contention is to avoid the effect of the orders entered in the interim, particularly the September 7 and October 21 orders which held that Mills had an equitable interest in the land conveyed to Crosby. Crosby sought review of those orders in the district court and did not appeal the adverse decision. The orders are final. To relate the dismissal back to the time of the default would destroy those orders and affect the rights of the parties thereunder. An order may be entered nunc pro tunc to make the record speak the truth but it cannot supply an order which in fact was not previously made. The truth is that the order of dismissal was not made until August 4, 1967.
 
 
 15
 The second claim relates to the April 17, 1967, order pertaining to the sale of corporate stock. The allegations are that the trustee made misrepresentations in his petition for permission to make the sale, but such allegations are stated in a conclusory fashion. There was a delay of almost a year from the time when the order was entered and the time when this action was brought. There was no petition to review this order. No excuse is shown for the failure to follow the statutory procedure. By the terms of the Act the order became final.
 
 
 16
 The third claim relates to the August 3, 1967, order for the issuance of the correction deed. No petition for review was filed and the order became final. Crosby alleges that the order is bad because it was made during the pendency of a motion to dismiss or adjudicate. No authority so holding is cited to us and we know of none.
 
 
 17
 The dismissal on jurisdictional grounds precluded consideration by the district court of the sufficiency of the complaint. We believe that a determination of whether unusual and exceptional circumstances permit this independent action should be made, in the first instance, by the trial court rather than by the appellate court. Such determination should be made with due regard to the need for a prompt and effective determination of the estates of the bankrupts.
 
 
 18
 Reversed and remanded for further proceedings in accordance with this opinion. No costs are awarded to any party.
 
 
 19
 HOLLOWAY, Circuit Judge (concurring specially):
 
 
 20
 I agree with the holding of the court's opinion that the district court had ancillary jurisdiction; with the disposition of the case; and with all the reasoning of the opinion, except the observations about the second claim. To me those observations indicate that the second claim must fail, while the allegations of the claim, if proved, may have substance.
 
 
 21
 The second claim pertains to the April 17, 1967, order for the sale of corporate stock. Among other particulars, it is averred that representations to obtain the order were false and a fraud on the court; that the referee relied on them in entering the order; that the order was sought for sale of the stock for $2,500, despite earlier valuation of it by Mills at $50,000; that plaintiff as a creditor was injured by such sale; and that plaintiff had no actual notice of the petition and order for the sale prior to expiration of the time limit on seeking review of the order (the 10-day limitation in 11 U.S.C.A. 67(c)). If all that is averred in the claim is proved and laches or other considerations are not held to be a bar, relief might be found to be proper on the ground of fraud in obtaining the order and all the related circumstances. See In Re Casco Chemical Co., 335 F.2d 645 (5th Cir. 1964).