In the Matter of MEISTER BRAU, INC., a Delaware corporation, Debtor.

No. 72 B 3965.

United States District Court, N. D. Illinois, E. D.

Aug. 3, 1972.

Hackbert, Rooks, Pitts, Fullager & Poust, D. Glenn Ofsthun, Joseph S. Wright, Jr., Chicago, Ill., for U. S. Steel Credit Co.

Schiff, Hardin, Waite, Dorschel & Britton, W. Donald McSweeney, William A. Montgomery, Roger Pascal and Thomas P. Luning, Chicago, Ill., for Debtor in Possession.

Ronald M. Brown, Mark A. Greenhouse, Chicago, Ill., for Stockholders.

Robert B. Chatz, Joseph P. Carr, Chicago, Ill., for Unsecured Creditors Committee.

Norman L. Hafron, Chicago, Ill., for Brewery Workers.

Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Gaynor, Chartered, Richard A. Makarski, Chapman & Cutler, Chicago, Ill., for U. S. Leasing Real Estate Investors.

Richard Orlikoff, Thomas D. Hanson, Chicago, Ill., for Dennis Buckley.

## MEMORANDUM OPINION

DECKER, District Judge.

This matter comes before the court on petition of certain shareholders of Meister Brau, Inc. (hereinafter "the debtor") that the petition filed by the debtor under Chapter XI of the Bankruptcy Act be dismissed unless it is amended so as to comply with the provisions of Chapter X of the Bankruptcy Act. The petition is made pursuant to the provisions of § 328 of the Bankruptcy Act. 11 U.S.C. § 728.[1]

The debtor, joined by certain unsecured creditors,[2] has moved to dismiss the petition on essentially two grounds. First, the debtor takes the position that shareholders do not have standing to file a petition under § 328. Second, the debtor argues that transfer to Chapter X, at least at the present time, would not only be inappropriate under the standards set forth by the statute and the case law, but also extremely harmful to the debtor.

---

1. That section, in relevant part, provides: "The judge may, upon application of the Securities and Exchange Commission or any party in interest, and upon such notice to the debtor, to the Securities and Exchange Commission, and to such other persons as the judge may direct, if he finds that the proceedings should have been brought under chapter 10 of this title, enter an order dismissing the proceedings under this chapter, unless, within such time as the judge shall fix, the petition be amended to comply with the requirement of chapter 10 of this title for the filing of a debtor's petition or a creditors' petition under such chapter, be filed. . . . . "

2. The only major secured creditor has not directly opposed transfer to Chapter X, but has stated that it favors retention of the case in Chapter XI.

The first issue is, then, whether the petitioners have standing under § 328. The debtor argues that shareholders are not "parties in interest" under § 328 and, therefore, cannot take advantage of the procedures provided for in that section. No authority is cited for that proposition and what little authority there is takes the opposite position. In Matter of Consolidated Retail Stores, 157 F.Supp. 490 (S.D.N.Y.1957); Collier on Bankruptcy, Vol. 8 § 327 ¶ 4.22 p. 497. There is no suggestion in the statute that shareholders are less entitled to the protection the statute provides than creditors. Nor is there any evidence that the SEC is the exclusive representative of shareholders in these matters.[3] Clearly, shareholders should not be bound by the decisions of the SEC or the creditors as to whether action will be taken under § 328. Hence, I hold that shareholders do have standing to petition under § 328.

The second issue is whether the petition should be granted on the merits. Various theories have been suggested to the court regarding whether the petitioners have "the burden of proof" or whether they must only establish "probable cause". The statute simply provides that the matter will be transferred or dismissed "if he [the judge] *finds* that the proceedings should have been brought under chapter 10 . . . " Without attempting to formulate an exact standard here, it seems clear that petitioners must at least produce some evidence that demonstrates that the proceedings belong in Chapter X and *not* in Chapter XI. In this regard the statute

is clear. Section 146 of the Bankruptcy Act provides that a petition under Chapter X "shall be deemed not to be filed in good faith if— . . . (2) adequate relief would be obtainable by a debtor's petition under the provisions of chapter 11 of this title . . . " 11 U.S.C. § 546. Hence, some evidence must affirmatively show that further proceedings under Chapter XI will be inappropriate.[4]

The standards for making the foregoing determination in a given case are not absolutely precise, but the Supreme Court has enumerated certain avenues of inquiry which should be explored and upon which a decision on a § 328 petition can be based. SEC v. American Trailer Rentals Co., 379 U.S. 594, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965); General Stores Corp. v. Shlensky, 350 U.S. 462, 76 S.Ct. 516, 100 L. Ed. 550 (1956); SEC v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940). The foregoing cases suggest that there are three major "needs to be served" in transferring a bankruptcy proceeding from Chapter XI to Chapter X. The petition should be granted if any of the following circumstances exist: (1) the debtor has a complicated debt structure requiring a thorough-going readjustment of the capital structure or a "pervasive reorganization", (2) new management is needed so that a present readjustment will not be "a temporary moratorium before a major collapse", or (3) an accounting by management for misdeeds which caused the debacle is needed before any readjustment will be meaningful.[5] The cases are clear, how-

---

3. While the SEC has refused to take a position on the merits of this petition, it has firmly supported the petitioners' contention that shareholders are "parties in interest" under § 328.

4. This is, of course, not to say that no plan under Chapter XI could ever fulfill the requirements of Chapter X, or that Chapter X itself will always provide an adequate remedy. SEC v. American Trailer Rentals Co., 379 U.S. 594 at 620 n. 20, 85 S.Ct. 513, 13 L.Ed:2d 510. It is simply to point out that if, when the

§ 328 application is presented, it is not shown that proceeding under Chapter X is the only appropriate means of dealing with the reorganization of the debtor, the application should be denied. *Cf.* SEC v. Liberty Baking Corp., 240 F.2d 511, 516 (2d Cir. 1957).

5. The following statement from the *American Trailer Rentals* opinion is particularly apropos here:
"  . . . *General Stores* also makes it clear that even though there may be no public debt materially and directly affect-

ever, that "the character of the debtor", its capital structure, or the fact that a Chapter XI ·plan may not be "fair and equitable", within the meaning of those terms under Chapter X, should *not* be viewed as controlling factors or as conclusive evidence of the inappropriateness of proceeding under Chapter XI.

The next question is whether the circumstances that necessitate transfer to Chapter X are present here. A significant amount of testimonial and documentary evidence has been presented to this court for consideration. Most of the evidence concerned the recent financial and business history of the debtor and some of its subsidiaries, as well as similar information about its chief executive officer. There was also testimony as to the immediate plans of the debtor if it is permitted to continue in Chapter XI.

■ The petitioners have argued that based on the evidence adduced at the hearings, there is an urgent need for new management and the kind of investigation that a Chapter X trustee would be likely to conduct. Clearly, the mere assertion that such action is necessary will not suffice, and in light of the evidence in its present state, I cannot agree that any sufficient showing has been made that the intensive control and investigatory powers of a Chapter X trustee are required at this time. .

The petitioners have suggested that the debtor's losses over the past eighteen months and its current financial embarrassment clearly indicate that new management is needed. Yet if that proposition is by itself sufficient, then new management will always be required in Chapter XI cases since financial losses or overextension almost always precede a Chapter XI petition. Moreover, the evidence produced thus far is insuffi-

cient to show that only new management can save the debtor.

■ Several other factors have been taken into consideration. The first is that there is evidence that a plan for the continued operation of the debtor is being formulated. At this point it cannot be said that a "feasible" plan under Chapter XI is impossible, or even unlikely. Second, the debtor is not burdened with a complicated debt structure and does not have outstanding what can be characterized as "public debt". Hence, the evidence at this stage seems to indicate that a simple composition of the unsecured debt may be all that is necessary in the bankruptcy proceeding, particularly in light of the representations made to the court by the only major secured creditor that it would be willing to cooperate in efforts to continue the debtor as a *going concern*. Third, evidence was presented at the hearing to the effect that transfer of the proceedings to Chapter X at this point would eliminate rather than enhance the debtor's chances of recovery. It was stated in uncontroverted testimony that the debtor has already had to discontinue operations once pending in the procurement of an appropriate bond after the Chapter XI petition was filed and that the loss of certain trade business resulted. A similar delay would probably be encountered if a Chapter X trustee had to be appointed. Another such interruption, it was stated, might cause the permanent loss of trade accounts necessary to the continued operation of the debtor. Fourth, the court must take judicial notice of the fact that proceedings under Chapter X are often expensive and protracted. The possibility of such delay and expense counsels caution in forcing a debtor into Chapter X when a more expeditious procedure is both available

ed, Chapter X is still the appropriate proceeding where the debtor has widespread public stockholders and the protections of the public and private interests involved afforded by Chapter X are required because, for example, there is evidence of management misdeeds for

which an accounting might be made, there is a need for new management, or the financial condition of the debtor requires more than a simple composition of its unsecured debts." 379 U.S. at 614–615, 85 S.Ct. at 524.

and appropriate. Moreover, proceedings under Chapter XI are not utterly devoid of court supervision. Any plan is subject to court approval, and a receiver can be appointed if necessary. Bankruptcy Act, § 331 et seq.; 11 U.S.C. § 731 et seq. It is also clear that the SEC can take an active role in Chapter XI proceedings. SEC v. American Trailer Rentals, *supra*, 379 U.S. at p. 613, 85 S. Ct. 513. Fifth, while it is beyond question that the determination of whether to transfer to Chapter X will not be governed by "majority rule", it is important to note that out of approximately 2700 shareholders, only three bring this petition, whereas virtually all of the creditors oppose. This fact is important because only the rights of unsecured creditors can be directly affected in a Chapter XI proceeding, whereas in Chapter X, the rule of strict priority applies. Case v. Los Angeles Lumber Products Co., 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939); Northern Pacific Ry. Co. v. Boyd, 228 U.S. 482, 33 S.Ct. 554, 57 L. Ed. 931 (1913). Since the evidence in this case reflects a thin equity at best, it would appear that the shareholders might be risking less in a Chapter XI proceeding than they would in Chapter X.

Finally, I wish to emphasize that I am only deciding that the petitioners have not made a sufficient showing to entitle them to relief under § 328 at this time. If new evidence should develop, indicating the need for a transfer under Chapter X, an amended and supplemental petition may be filed.

I would expect the SEC, which has already been alerted, to continue the investigation which it has undertaken and to give its close attention to the Chapter XI proceedings. The unconsulted stockholders of Meister Brau, whose interests have already been seriously affected, are entitled to a thorough examination by the SEC of the flurry of recent financial transactions in which the debtor has become involved. If the SEC reaches the conclusion that the public interest would be served by a recommendation on its part for a conversion of these proceedings from Chapter XI to Chapter X, I will entertain any motion which the Commission may wish to file.

In summary, all that I am holding is that on the present state of the evidence, I am not satisfied that proceedings under Chapter X would be the only proper course to take here.

An order may be prepared under which this court retains jurisdiction insofar as possible future § 328 proceedings are concerned, but denies the relief prayed for in the present petition.