**James HOLT, Plaintiff,**

v.

**UNITED STATES of America, Internal Revenue Service, Defendant.**

No. 03–C–0627.

United States District Court, E.D. Wisconsin.

May 4, 2004.

Pro se, for Plaintiff or Petitioner.

Hilarie E. Snyder, U.S. Dept. of Justice, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

Pro se plaintiff James Holt brings this action against defendant, the United States of America ("the government"), seeking to vacate a 1985 default judgment and a lien created by such judgment. Before taking judgment, the government assessed trust fund penalty taxes against plaintiff for the first two quarters of 1978 after concluding that he was a person responsible for collecting and paying over withholding taxes owed by his employer, a Milwaukee nursing home, and that he failed to satisfy such duty. *See* 26 U.S.C. § 6672; *see also United States v. Kim*, 111 F.3d 1351, 1357 (7th Cir.1997). Subsequently, the government sued plaintiff in this court seeking to reduce the assessment to a judgment, and plaintiff did not respond to the government's summons and cross-claim. As a result, the court entered a default judgment against plaintiff in the amount $36,065.06.

In his amended complaint in the present action,[1] plaintiff alleges that he was

---

1. Plaintiff asks the court's permission to amend his complaint; however, pursuant to Fed. R.Civ.P. 15(a), he may amend as of right because the government has not yet filed a "responsive pleading." The government moved to dismiss but such motion is not a responsive pleading for purposes of Rule 15(a). *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir.1995), *cert. denied*, 517 U.S. 1244, 116 S.Ct. 2498, 135 L.Ed.2d 190

not served with the summons and cross-claim, and that any signature on the return of service purporting to be his was forged. He also alleges that, had he been served, he could have successfully defended the government's suit because he was not a responsible person. Before me now is the government's motion to dismiss the amended complaint on the grounds that the court lacks jurisdiction because the government has not waived sovereign immunity, and that plaintiff has failed to state a claim upon which relief can be granted.

As is often the case in addressing motions to dismiss a pro se complaint, I must first determine how to characterize plaintiff's action. Plaintiff uses such phrases as "due process," "fraud" and "misrepresentation" to describe his claims, but his principal allegation, that the government falsely represented that he was personally served, does not fall within any traditional type of due process or fraud claim. Moreover, he does not seek the type of relief usually associated with such claims, i.e., money damages. Rather, he seeks to have the 1985 judgment vacated, a form of relief not typically available in tort actions.

It is apparent that the sole purpose of plaintiff's action is to undo the default judgment and the lien created by such judgment. Therefore, his action is properly characterized as an independent action to relieve him from judgment. *See* Fed.R.Civ.P. 60(b) (stating that the rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding"). Such actions are historically known simply as independent actions in equity to obtain relief from judgments. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868 (2d ed.1995).

■ Thus, I turn to the questions of whether I have jurisdiction over plaintiff's action and, if so, whether he states a claim upon which relief can be granted. The government argues that I lack jurisdiction because it has not waived sovereign immunity. However, sovereign immunity does not bar an independent action under Rule 60(b) filed in the same court that rendered the original judgment. This is so because the independent action is considered a continuation of the original action for purposes of subject matter jurisdiction and does not require "an independent basis for jurisdiction." *United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); *see also Weldon v. United States,* 70 F.3d 1, 4 (2d Cir.1995) (stating that governmental consent is not required to bring an independent action in the same court as the original action). Thus, the government's motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) must be denied.

■ In determining whether plaintiff's amended complaint states a claim upon which relief may be granted, I note that under Fed.R.Civ.P. 12(b)(6), I may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The essence of a Rule 12(b)(6) motion is not that the party has pleaded insufficient facts, it is that even accepting all of his alleged facts, he has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the party's allegations, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), and construe the complaint in the light most favorable to the non-movant, resolving all doubts in his favor, *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

■ Independent actions under Rule 60(b) are available only to prevent grave miscarriages of justice. *Beggerly,* 524 U.S. at 47, 118 S.Ct. 1862. They are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* at 46, 118 S.Ct. 1862 (internal citations omitted). In

(1996). Thus, plaintiff may amend his complaint without the court's approval.

order to prevail in his independent action, plaintiff must show: (1) that the judgment ought not be enforced for reasons of equity; (2) a good defense to the cause of action on which the judgment is founded; (3) fraud, accident or mistake, which prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of an adequate remedy at law. *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th Cir.1970); *see also Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 662 (2d Cir. 1997) (setting forth a roughly comparable three-part test).

 Under the foregoing standard, plaintiff's allegations are sufficient to withstand the government's motion to dismiss. Plaintiff alleges that the judgment should not be enforced because he was not personally served with the government's summons and cross-claim, and that his signature on the return of service may have been forged. In *Beggerly,* the court stated that an example of an injustice sufficiently egregious to justify an independent action under Rule 60(b) is where a "plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document." 524 U.S. at 47, 118 S.Ct. 1862. Plaintiff's allegation of forgery and misrepresentation on the part of the government may be implausible. Moreover, a signed return showing service by a marshal is prima facie evidence of valid service. *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 808–09 (7th Cir. 1969). Nevertheless, at this stage of the proceeding, I must assume that plaintiff's allegation is true. If it is true, then there is an equitable reason not to enforce the judgment. Therefore, plaintiff satisfies the first element of the *Bankers Mortgage* test.

 Second, plaintiff alleges that he has a good defense to the underlying cause of action, i.e., that he was not a responsible person under § 6672. Third, as discussed, plaintiff alleges that the judgment was procured by fraud. Fourth, drawing all inferences from the complaint in his favor, I cannot assume that plaintiff was at fault. Although there is no time limit on when an independent action may be brought, *Crosby*

*v. Mills,* 413 F.2d 1273, 1276 (10th Cir.1969), the doctrine of laches is applicable, and undue delay may bar relief, *Simons v. United States,* 452 F.2d 1110, 1116 (2d Cir.1971). In the present case, almost twenty years has elapsed since the judgment was entered, and it may well be that plaintiff unduly delayed commencing the present action. However, at this stage of the case, I cannot say this is so.

Finally, there must be no adequate legal remedy available to plaintiff. I am unaware of the availability of any other remedy. If plaintiff was challenging only a tax assessment, other remedies would likely be available although they might require partial payment of the deficiency. *See* 28 U.S.C. § 1346(a)(1); *see also Steele v. United States,* 280 F.2d 89, 90–91 (8th Cir.1960). However, in the present case, plaintiff is also challenging the default judgment and, as a result, any action other than an independent action under Rule 60(b) would likely be barred by claim preclusion. *See SMA Life Assurance Co. v. Sanchez–Pica,* 960 F.2d 274, 275 (1st Cir.1992) (stating that a default judgment is "a final judgment with res judicata effect.").

Thus, taking all the inferences in plaintiff's favor, plaintiff satisfies the pleading requirements for an independent action, and the government's Rule 12(b)(6) motion must be denied.

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.