## In re SURE–SNAP CORPORATION, a New York corporation, Debtor.

## SURE–SNAP CORPORATION, a New York corporation, Plaintiff,

### v.

## AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK, as successor in interest to Standard Security Life Insurance Company of New York, Jerry Pescow, Trustee of the Alfred Shure Revocable Trust created March 8, 1984, Agnes Shure, Peter R. Shure, Gary Shure, Robert Shure, Elaine J. Shure, as natural parent and legal guardian of Eva Shure, an infant, Kathryn Anne Papavasiliou, and Lydia Maria Papavasiliou, Defendants.

### Bankruptcy No. 87–00985–BKC–SMW. Adv. No. 88–0107–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

June 20, 1988.

Carl K. Hoffman, Kimbrell & Hamann, Miami, Fla., for American General Life Ins. Co. of New York.

Mitchell Eisenstat, New York City, for Jerry Pescow, Agnes Shure, Peter R. Shure, Gary Shure and Robert Shure.

Scott M. Bernstein, Stroock & Stroock & Lavan, Miami, Fla., for Elaine J. Shure, Kathryn Anne Papavasiliou and Lydia Maria Papavasiliou.

Patrick A. Barry, Blackwell, Walker, Fascell & Hoehl, Fort Lauderdale, Fla., Harry D. Lewis, Holland & Knight, Miami, Fla., for Sure–Snap Corp.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon Sure–Snap Corporation's (the debtor's) Complaint for Declaratory Judgment, to Set Aside Pre–Petition Conveyance, for Turnover of Funds, and for Money Judgment pursuant to 11 U.S.C. § 542 and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b).

Defendants asserted at the trial that the pleadings stated facts not in evidence at the trial. To the extent that the pleadings were inconsistent with the evidence at the trial, the pleadings are amended to conform to the evidence at the trial pursuant to Bankruptcy Rule 7015.

The motion at the trial of defendants Jerry Pescow, Gary Shure, Robert Shure, Peter Shure and Agnes Shure to dismiss the counterclaim and cross-claim of defendants Jerry Pescow, Robert Shure, Gary Shure, Peter Shure and Agnes Shure against the plaintiff and Elaine J. Shure was granted at the trial. The motion of Gary Shure to dismiss the separate counterclaim and cross-claim against the debtor and Elaine J. Shure and others as yet unknown on behalf of Gary Shure, not directly relevant to the life insurance policy, was granted as to Elaine J. Shure personally, and the counterclaim of Gary Shure for allowance of his claim filed in this case was severed pursuant to Bankruptcy Rule 7021, and will be tried by a separate objection to the claim of Gary Shure to be filed by the debtor.

American General Life Insurance Company of New York is a party defendant in its capacity as the successor in interest to Standard Security Life Insurance Company of New York on the life insurance policy.

On August 19, 1977, Standard Security Life Insurance Company of New York issued a life insurance policy in the face amount of $100,000 (the "life insurance policy") insuring the life of Alfred Shure, the president and chief operating officer of the debtor. The life insurance policy was a whole life key man insurance policy with a cash surrender value, and listed the debtor as the owner and the only beneficiary on it. The debtor paid all the premiums on the life insurance policy between August 19, 1977 and the death of the insured, which occurred on March 1, 1987.

Upon the death of Alfred Shure, conflicting claims to the insurance proceeds were asserted by the debtor and various of the defendants in this case. The debtor commenced this litigation to determine the rightful owner of the proceeds. Prior to trial, the insurance proceeds held by American General Life Insurance Company of New York were deposited in an interest-bearing account at Northern Trust Bank pursuant to an Order Approving Stipulation for Deposit of Funds entered on May 9, 1988.

The defendants argue that Alfred Shure created a trust for the benefit of the defendants and then caused the beneficiary of the life insurance policy to be changed from the debtor to the trust. The debtor argues that there is no documentary evidence that the trust was settled or that the debtor ever changed the beneficiary on the life insurance policy from itself to a trust.

The debtor argues that the applicable law is contained in 11 U.S.C. § 541(a), which provides in pertinent part that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

In addition, 11 U.S.C. § 542(a) provides that:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Although the defendants urged that a trust had been settled, and that the debtor had changed the beneficiary of the insurance policy from the debtor to the trust, the corporate minute book reflects no such change, and the testimony offered in support of this theory was not credible. In addition, the trust instrument does not bear the signature of the trustee. Therefore, the Court finds that no change in the stated beneficiary occurred between the issuance of the policy and the death of the insured, and that no trust was in fact settled.

Based upon these findings, the Court concludes that the proceeds from the life

insurance policy are property of the debtor pursuant to 11 U.S.C. § 541, and that those proceeds must be turned over to debtor pursuant to 11 U.S.C. § 542(a). *See In re Cooperativa Cafeteros de P.R.*, 37 B.R. 952, 955 (D.P.R.1984). *See also Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir.1985); *Jackson Park Realty Co., Inc. v. Williams (In re O'Neill Enterprises, Inc.)*, 547 F.2d 812, 815 (4th Cir.1977).

Accordingly, the proceeds of the life insurance policy now held by Kimbrell & Hamann and deposited in an account at Northern Trust Bank with the debtor's tax identification number resulting from payment by American General Life Insurance Company of New York shall be paid over to the debtor.

A separate Final Judgment of even date has been entered in conformity herewith.