In re COOPERATIVA CAFETEROS DE P.R. Bankrupt-Appellant.

Civ. No. 82–1078 HL.

United States District Court, D. Puerto Rico.

March 6, 1984.

Charles A. Cuprill Hernandez, Ponce, P.R., for appellant.

Ismael H. Herrero, Jr., San Juan, P.R., for appellee trustee.

## OPINION AND ORDER

LAFFITTE, District Judge.

The above captioned case is an appeal by the bankrupt corporation, Cooperativa Cafeteros de P.R., from an order of the United States Bankruptcy Court of the District of Puerto Rico, dated January 29, 1982. The appellee in this action is the Trustee of the estate of the bankrupt cooperative. For the reasons stated below, this appeal is hereby dismissed.

### A. SUMMARY OF PROCEEDINGS.

The appellant Cooperativa Cafeteros de Puerto Rico (Cooperative Cafeteros) filed a petition under Chapter 11 of the Bankruptcy Act, 11 U.S.C. 701 et seq. Appellee, Pedro Vergne Roig (Trustee) was appointed operating receiver pursuant to this Chapter 11 action, on June 8, 1979, and on March 25, 1980, he was appointed trustee of bankrupt. On that same day, Cooperativa Cafeteros was adjudicated Bankrupt, and the case proceeded under Chapter 7.

On June 10, 1980 the Bankruptcy Court, acting on the renewed motion of trustee dated May 22, 1980, entered an order authorizing the trustee "to surrender, cancel, and/or reject any and all life insurance policies on the life of Ramiro Colón Castaño and Ramiro L. Colón, Jr., which are paid or have been paid up to this date by Cooperativa Cafeteros de P.R. and as to which the estate may have an interest as beneficiary thereunder or otherwise." The policies at issue are as follows:

1. Policy # 1827485

   Beneficiaries: Josefa Muñoz de Colón and her six children.

2. Policy # 1827486

   Beneficiary: Cooperativa Cafeteros de P.R.

3. Policy # 1957

   Beneficiary: Cooperativa Cafeteros de P.R.

4. Policy # 1958

   Beneficiaries: Josefa Muñoz de Colón and her six children.

5. Policy # 2876938

   Beneficiary: Cooperativa Cafeteros de P.R.

6. Policy # 2876939

   Beneficiaries: Georgina Ortiz de Colón and her children.

In the June, 1980 order, the Bankruptcy Judge stated that Mr. Ramiro Colón Castaño and Mr. Ramiro L. Colón, Jr., could convert the policies in their favor, if they had a right to do so, without cost to the estate. Although the record reflects that a

series of letters were exchanged by the Colóns, their attorney, the trustee and the insurance companies, neither Mr. Ramiro Colón Castaño nor Mr. Ramiro L. Colón, Jr., offered to pay the cash surrender value to convert the policies. Furthermore, no attempt was made by the Colóns to appeal the June 1980 order. The trustee, consequently, filed a report on September 15, 1980, to request the insurance companies to cancel the policies pursuant to the Bankruptcy Court's order of June, 1980.

On May 5, 1981, the bankrupt company, Cooperativa Cafeteros, brought an "Application" before the Bankruptcy Court to determine the ownership and conversion rights of the insurance policies at issue designating family members of the Colóns as beneficiaries. The Colóns were not named as parties to this action, although it was their interests involved. On September 22, 1981, the Bankruptcy Court entered another order, reaffirming the propriety of cancellation of the policies, and again telling the Colóns they could convert them if they so desired.[1] The Court also specifically found that neither of the Colóns had made any efforts to convert the policies prior to the September 1981 order and following the June 1980 order.

Cooperativa Cafeteros, by motion of October 16, 1981, asked the Court to reconsider its order of September 1981. The Court, in its January 1982 order, denied the motion, but recognized that "there has always been a bona fide dispute between the Colóns and the trustee concerning these policies."

Cooperativa Cafeteros has asked this Court to do four things: (1) to reverse the January 26, 1982 order of the Bankruptcy Court denying its motion to reconsider or alter the court's order of September 22, 1981; (2) to reinstate policies 1827486, 1957, 2876938, and to allow Colón Castaño and Colón Muñoz to convert them upon paying the cash surrender value thereunder; (3) to set aside the determination of the Bank-

ruptcy Court that Colón Castaño and Colón Muñoz had made no efforts to convert the policies at issue; and (4) to provide any further relief that may be just and proper. (App's. brief, p. 19.)

### B. COOPERATIVE CAFETEROS LACKS STANDING TO APPEAL THE DECISION OF THE BANKRUPTCY COURT.

Only those persons directly and adversely affected pecuniarily by an order of the Bankruptcy Court have been held to have standing to appeal an order. *In Re Fondiller,* 707 F.2d 441, 442 (9th Cir.1983); *In Re J.M. Wells, Inc.,* 575 F.2d 329 (1st Cir.1978); *Hartman Corp. of America v. United States,* 304 F.2d 429, 431 (8th Cir.1962); *In Re Goodwin's Discount Furniture, Inc.,* 16 B.R. 885 (Bkrtcy.App. 1st Cir.1982). This rule of appellate standing, the so-called "person aggrieved" test, derives from Sec. 39c of the Bankruptcy Act of 1898. 11 U.S.C. section 67(c) (1976), (repealed 1978).

Although this specific language is not included in the new Bankruptcy Code, it has been applied as the proper standard to determine standing even in cases since 1978 under the Code. See, *In Re Fondiller, supra,* 707 F.2d at 443; *In Re Goodwin's Discount Furniture, Inc., supra,* 16 B.R. at 888; *In Re Jewel Terrace Corp.,* 10 B.R. 1008, 1011, n. 3 (D.C.E.D.N.Y.1981). See also, 1 Collier on Bankruptcy, Section 3.03(6)(b) (15 Ed.1982). As stated by the Eighth Circuit Court of Appeals:

> "The need for the rule [person aggrieved test] continues to exist. See, Levin, *Bankruptcy Appeals,* 58 N.C.L.Rev. 967, 975–79 (1980)."

Therefore, the case law interpreting the "person aggrieved" test has continuing application for judicial review in Bankruptcy cases arising under the Code. There is no doubt that in a case as complicated as the

---

1. In this order, the Court required that the Colóns pay the higher of the following two sums in order to convert the policies: (1) the aggregate value of the premiums paid by the

bankrupt for the policies involved up to the date of conversion; or (2) the cash surrender value accrued on said policies up to date of conversion.

proceedings of Cooperativa, disputes arose that affected numerous persons.

■ To appeal a decision of the Bankruptcy Judge it is necessary for the appellant—Cooperativa Cafeteros—to show that the decision caused it injury in fact, as well as that the interest it seeks to protect through its petition is an interest which the Code seeks to protect or regulate. *In Re Harwald Co.,* 497 F.2d 443, 444 (7th Cir. 1974).

■ The First Circuit Court of Appeals has held that a debtor-bankrupt that has no hope of obtaining any return of its estate, lacks standing to contest orders affecting the size of the estate. *In Re J.M. Wells, Inc., supra,* 575 F.2d at 331. The only exception noted by the First Circuit is where the bankrupt would create an excess of assets over debts if it would prevail on its appeal. *Wells, supra,* 575 at 331. That is certainly not the case here. The basis of Cooperativa Cafeteros' action is to assert that the insurance policies *ARE NOT* assets of the estate. This is clearly contrary to the purpose of the Bankruptcy Code. The First Circuit has even gone one step further and held that where bankrupt appellant is not a "person aggrieved", the District Court lacks jurisdiction over bankrupt's appeal.

## C. THE JUNE, 1980 DECISION OF THE BANKRUPTCY COURT IS RES JUDICATA AS TO THIS ACTION.

■ The fact that Cooperativa Cafeteros actually initiated the proceedings below cannot give this Court jurisdiction over this appeal. The "application" of Cooperativa Cafeteros filed in May, 1981, to determine ownership of the insurance policies involved, is actually a collateral attack on the previous decision of the Bankruptcy Court of June 1980, granting the Trustee leave to reject any and all life insurance contracts in which Cooperativa had an interest as beneficiary, or otherwise. See, *Bennett v. Gutman,* 315 F.2d 151, 152 (2d Cir.1963).

The persons aggrieved by this June, 1980 order were the Coóns as asserted owners of the policies. The Colóns did not appeal this order. It has been held that when the Bankruptcy Court orders that no security interest exists which is enforceable by a Creditor against the Bankrupt Debtor, that Creditor can make no subsequent attempt to secure possession of the articles involved, because the finding is *res judicata* to such subsequent attempts. *Borg-Warner Acceptance Corporation v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982). In the same way, any attempt by the Colóns, through Cooperativa's "Application", to gain reinstatement of the policies, was improper. The record does not reflect why the bankrupt debtor should bring an action that is obviously adverse to the interests of its estate, and in contravention of the trustee's recommendation. Any request for reinstatement of the policies is now precluded.

## D. EVEN ASSUMING THIS APPEAL WAS TIMELY PROSECUTED BY THE PROPER PERSONS, THE DECISION OF THE BANKRUPTCY COURT WOULD BE AFFIRMED.

■ The law regarding keyman life insurance packages has been cited by both Cooperativa Cafeteros and the Trustee in their respective briefs. A life insurance policy carried by the bankrupt corporation upon the life of an officer and/or large stockholder, at the expense of the corporation, passes to the trustee as an asset of the estate. *Lincoln Nat. Life Ins. Co. v. Scales,* 62 F.2d 582 (5th Cir.1933); *In re O'Neill Enterprises, Inc.,* 547 F.2d 812 (4th Cir. 1977); *Mutual Trust Life Ins. Co. v. Wemyss,* 309 F.Supp. 1221 (S.D.Me.1970); *In re McCulloch & Sons, Inc.,* 30 B.R. 7 (Bkrtcy.D. Or.1983).

■ It is also apparent that this type of life insurance does not lapse by virtue of the petition in bankruptcy, and that in some circumstances the individuals insured may convert the keyman life insurance policies, and keep them in force and effect. *Lincoln Nat. Life Ins. Co., supra,* 62 F.2d at 585. See, also, *In re Brostoff,* 611 F.2d 733, 737 (9th Cir.1980); and *In re Fount-Wip Dis-*

*tributors of South Jersey, Inc.,* 4 B.R. 424, 427 (Bkrtcy.D.N.J., 1980).

The Bankruptcy Court gave the Colóns an opportunity to object to the cancellation prior to the June 1980 order. The Bankruptcy Court docket reflects that the Court held a hearing with notice, prior to its June, 1980 order. Furthermore, the Colóns were given an opportunity to convert the policies, and did not.

Summarizing, Cooperativa Cafeteros as a bankrupt under Chapter 7 has no standing to prosecute this appeal because, as a hopelessly bankrupt debtor, it cannot be a "person aggrieved" by an order of the Bankruptcy Court which increases the assets of the estate.

The "Application" of May 1981 was, in effect, an attempt to disregard the June 1980 order of the Bankruptcy Court, and cannot be given effect on appeal.

Even if Cooperativa Cafeteros had standing, and had prosecuted a timely appeal, the Bankruptcy Court would be affirmed.

The appeal is hereby DISMISSED. The Clerk is hereby instructed to enter judgment accordingly.

IT IS SO ORDERED.