**In re MULTIPLE SERVICES INDUSTRIES, INC. f/k/a Pollasky Engineering, Space Engineering, Multiple Services.**

No. 82–C–628.
Bankruptcy No. 80–01859.

United States District Court,
E.D. Wisconsin.

Feb. 6, 1985.

Aaron, Starobin, Starobin & Abrahamson, Thiensville, Wis., for appellant.

Margaret Dee McGarity, Chernov & Croen, Milwaukee, Wis., for appellee.

## ORDER

WARREN, District Judge.

The appellant, Harold Schesel, seeks relief from the order of the bankruptcy court, dated April 26, 1982, denying his motion for an extension of time to file a notice of appeal. The bankruptcy court denied appellant's motion because he was not a party to the bankruptcy under the provisions of Bankruptcy Rule 802(c), and therefore did not have standing to file an appeal. For the following reasons, the Court will affirm the decision of the bankruptcy court.

The appellant is the owner of real property pledged to the lender to secure a loan to appellant's corporation, the debtor in this case. In order to preserve funds for unsecured creditors, the bankruptcy trustee filed an application requesting that the lender, First Wisconsin National Bank of Mequon (Bank), be ordered to marshal its security to satisfy its claim against the bankruptcy estate. The trustee's application was granted by the bankruptcy court in its Memorandum Decision of March 25, 1982. 18 B.R. 635.

The appellant was never a party to the bankruptcy proceedings, but was present with counsel at the hearing on the trustee's application. On April 23, 1982, the appellant filed a motion for extension of time to file a notice of appeal, citing lack of notice of the bankruptcy court's March 25, 1982 Memorandum Decision as the reason the notice of appeal was not filed within ten days as required by Rule 802(a) of the Rules of Bankruptcy Procedure.

The appellant contends that he has standing to appeal the bankruptcy court's order because he is a "person aggrieved" within the meaning of section 39(c) of the Bankruptcy Act of 1898.[1] The trustee, appellee

---

1. Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67 (1976), provides in pertinent part:

(c) A person aggrieved by an order of a referee may, within ten days after the entry

herein, contends that section 39(c) is not applicable to this case because the case was filed in August of 1980, after section 39(c) had been superceded by Rule 802.[2] *See In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028, 1030 (9th Cir.1979). Rule 802(c) does not contain any reference to a "person aggrieved," but instead states that the "bankruptcy court may extend the time for filing the notice of appeal by any *party* for a period not to exceed 20 days ..." (emphasis added). Since appellant was not a party to the bankruptcy proceedings, the bankruptcy court decided, and appellee now argues, that the appellant lacks standing to appeal the bankruptcy court's order.

Neither Rule 802(c) nor any other provision of the Bankruptcy Code contains any statement of the requirements for standing on appeal. Clearly, there was a change in the language of the rules governing the filing of appeals, but there is no indication in the 1978 statute that the term "party" in Rule 802(c) means something substantially different than the term "person aggrieved" in section 39(c).

The prevailing opinion among courts and commentators who have addressed this issue is that the "person aggrieved" standard is still valid even though section 39(c) has been repealed. *See Matter of Fondiller,* 707 F.2d 441, 443 (9th Cir.1983); *In re Cooperativa Cafeteros de Puerto Rico,* 37 B.R. 952, 954 (D.P.R.1984); *In re E.C. Ernst, Inc.,* 2 B.R. 757, 761 (S.D.N.Y.1980); 1 Collier on Bankruptcy, ¶ 3.03[6][b] (15th ed. 1982); Levin, *Bankruptcy Appeals,* 58 N.C.L.Rev. 967, 975–79 (1980). The standard set forth in section 39(c) was established in recognition of the effect bankruptcy litigation often has on the interests of those who are not parties to the proceedings. 1 Collier, *supra.* Since the need for the standard persists, it has continued to be applied in cases arising under the Bankruptcy Code. Levin, *supra; Cooperativa,* 37 B.R. at 954. Accordingly, the "person aggrieved" standard will be applied in this case to determine whether the appellant has standing to appeal the marshaling order of the bankruptcy court.

Although the "person aggrieved" standard is, as the term implies, a fairly liberal benchmark for determining whether one has standing to appeal, its application is not unlimited. The Seventh Circuit Court of Appeals has stated that in order to qualify as a "person aggrieved," one must demonstrate that the bankruptcy court's decision "caused him injury in fact as well as that the interest which he seeks to protect through his petition for review is an interest which the Bankruptcy Act seeks to protect or regulate." *In re Harwald Co.,* 497 F.2d 443, 444 (7th Cir.1974); *see also Cooperativa,* 37 B.R. at 955. Thus, for example, courts have held that a debtor-bankrupt who has no hope of retaining any assets of the estate lacks standing to appeal decisions affecting the disposition of assets of the estate. *See In re J.M. Wells,* 575 F.2d 329, 331 (1st Cir.1978); *Skelton v. Clements,* 408 F.2d 353 (9th Cir.), *cert. denied,* 394 U.S. 933, 89 S.Ct. 1202, 22 L.Ed.2d 462 (1969). A debtor-bankrupt in such a position could not establish any injury in fact that would be incurred by him as a result of the bankruptcy court's decision. Therefore, the first prong of the "person aggrieved" test, as defined by the Seventh Circuit, would not be met.

While the Court believes that the appellant does not stand in a position similar to that of the debtor-bankrupt in the example cited above, it is also convinced that the appellant is not one whose interest the Bankruptcy Code seeks to protect. Bank-

---

thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. ... Unless the person aggrieved shall petition for review of such order within such ten-day period, or any ex-

tension thereof, the order of the referee shall become final....

2. Since the filing of this appeal and the briefs of the parties on appeal, Rule 802 has been superceded by Rule 8002. This change, however, does not affect the issue before the Court or the Court's decision in this matter.

ruptcy laws were enacted primarily for the protection of creditors. *Harwald,* 497 F.2d at 444; *In re Blue,* 4 B.R. 580, 585 (Bankr. D.Md.1980). The appellant is not a creditor of the estate, but rather a guarantor whose property is pledged to secure a debt of the debtor-bankrupt. A guarantor assumes the risk that the security will be lost if the debtor defaults on its obligations and proceeds to bankruptcy court. The interests of the creditors of the bankruptcy estate would be severly impaired if the bankruptcy laws served to protect a guarantor such as the appellant. Accordingly, the Court finds that the appellant is not a "person aggrieved" who has standing to appeal a decision of the bankruptcy court, and his appeal is DENIED.