UNSECURED CREDITORS COMMITTEE, Appellant,

v.

LEAVITT STRUCTURAL TUBING CO., et al., Appellees.

Bankruptcy No. 85 C 7225.

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1985.

Neal L. Wolf, Winston & Strawn, Chicago, Ill., for appellant.

Schwartz, Cooper, Kolb & Gaynor, James P. Hemmer, Larry L. Thompson, Jeffrey A.

Blevins, Bell, Boyd & Lloyd, Chicago, Ill., for appellees.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

The Official Unsecured Creditors Committee ("Committee") filed this appeal from several orders of the bankruptcy court, among them approval of a plan of reorganization of the debtor-appellee Leavitt Structural Tubing. Appellees move to dismiss on the ground that the Committee lacks standing to appeal.

The Bankruptcy Act of 1898 permitted appeal by a "person aggrieved by an order of a referee." 11 U.S.C. § 67(c) (1976) (repealed 1978). Though the 1978 Code contains no comparable provision, the "person aggrieved" standard continues to restrict the right to appeal to "those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court...." *Matter of Fondiller*, 707 F.2d 441, 442, 443 (9th Cir.1983); see also *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (2d Cir.1985); *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1334 (9th Cir.1985); *Matter of UNR Industries, Inc.*, 725 F.2d 1111, 1120 (7th Cir.1984) (apparently approving the holding in *Fondiller*); *In re Multiple Services Industries, Inc.*, 46 B.R. 235, 236 (E.D.Wis. 1985); *In re Auto West, Inc.*, 43 B.R. 761, 762 n. 1 (D.Utah 1984); *In re Cooperative Cafeteros de P.R.*, 37 B.R. 952, 954 (D.P.R. 1984).

The Committee does not and, given the unanimous approval by LST's creditors of the plan, could not argue that it is a "person aggrieved." Instead, the Committee offers several other grounds to support its standing. First, it argues that because it is a "party in interest" under 11 U.S.C. § 1109(b) it *ipso facto* has standing to appeal any order entered by the bankruptcy court. The Committee relies on *In re CO Petro Marketing Group, Inc.*, 680 F.2d 566, 573 (9th Cir.1982), but that reliance is misplaced. The party whose standing was

challenged in *CO Petro* was the Commodity Futures Trading Commission ("CFTC") and the argument made was that because the CFTC is very much analogous to the Securities Exchange Commission and the latter is denied the right to appeal under § 1109(a), the CFTC should also be denied the right to appeal. The court rejected that argument, stating that as the CFTC was a party in interest it was "entitled to the right of appeal normally enjoyed by such parties." No one in that case argued the CFTC was not a "person aggrieved" and the court did not discuss that standard. Its use of the word "normally", however, certainly suggests that the court was recognizing that parties in interest do not always have a right to appeal, and in any case the later holding by the same court in *Fondiller, supra*, makes it impossible to read *CO Petro* as holding that every party in interest has an absolute right to appeal. Moreover, cases such as *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507 (2d Cir. 1985), which held a debtor lacked standing to appeal, make quite clear that being a party in interest does not guarantee that party a right to appeal.

The Committee next argues that to satisfy its fiduciary duty to the creditors of all eleven debtors in these consolidated cases, it must present the results of its analysis and investigation to this court. However, that argument puts the cart before the horse. The Committee has a fiduciary duty to do what it can to advance its constituents' interests, but obviously does not have a fiduciary duty to do something it is not allowed to do. Thus, assuming the Committee had a right to appeal, then (assuming good ground to do so) it would certainly be duty-bound to appeal, but whether it *has* a right to appeal cannot be answered by first trying to decide whether it is duty bound to appeal.

Finally, the Committee claims that to deny it standing to appeal would deny the unsecured creditors their right to representation by the Committee and undermine the procedural consolidation of the eleven cases. However, procedural consoli-

dation is merely a matter of convenience and cost saving; it does not create substantive rights. As appellees point out, the Committee could have sought substantive consolidation which would have given it standing to appeal in this case. This court sees no undermining of the goals of procedural consolidation that results from following the "persons aggrieved" test in determining standing to appeal. As to the Committee's claim that it must be allowed to appeal to avoid violating its constituents' rights to representation, that argument, like the argument based on fiduciary duty, simply assumes its conclusion. The unsecured creditors only have a right to be represented in proceedings in which they have standing. The creditors with standing in this appeal reject the Committee's representation; the other creditors in the other bankruptcy actions have no standing in this proceeding. Therefore, the Committee has no one to represent.

IT IS THEREFORE ORDERED that the motion to dismiss the appeal is granted and this appeal is dismissed.