In the Matter of CENTRAL NATIONAL BANK OF WOODWAY-HEWITT, Appellant,

v.

Harvey SPARK and Wife, Mary Jo Spark, Appellees.

Civ. No. W-85-CA-293.

Bankruptcy No. 6-85-00328.

United States District Court, W.D. Texas, Waco Division.

April 1, 1986.

J. David Dickson, Waco, Tex., for appellant.

Paul H. Hubbard, Waco, Tex., for appellees.

## MEMORANDUM OPINION AND ORDER

WALTER S. SMITH, Jr., District Judge.

Appellant, Central National Bank of Woodway-Hewitt, has sought review of an interlocutory order of the United States Bankruptcy Court for the Western District of Texas, Waco Division. The Bankruptcy Court, Judge R. Glen Ayers presiding, refused to dismiss the Chapter 7 bankruptcy petition of Appellees, Dr. Harvey Spark and Mary Jo Spark after considering such a dismissal under 11 U.S.C. § 707(b). Having thoroughly examined the record presented, the briefs of counsel filed, and the controlling legal authorities, this Court is of the opinion that the Bankruptcy Court's order should be vacated and remanded.

### I.

Dr. and Mrs. Spark have petitioned for discharge of their debts pursuant to Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 700 *et seq.* Dr. Spark is a practicing pediatrician with a substantial annual income. In 1984, his income tax return reflected over $300,000 in gross receipts. The record indicates that he should continue earning in this capacity for the foreseeable future. Dr. Spark's debts to Central National Bank and other creditors not parties to this appeal exceed his assets by over $300,000. These debts are both consumer and business debts. Dr. and Mrs. Spark's Joint Petition for Chapter 7 Bankruptcy was filed on June 19, 1985.

On October 16, 1985, the Bankruptcy Court conducted a hearing on Central National Bank's motion to convert the petition to a Chapter 11 re-organization, pursuant to 11 U.S.C. § 706(b). After receiving evidence, the Bankruptcy Court denied that motion. The Bankruptcy Court then inject-

ed the issue of dismissal under 11 U.S.C. § 707(b) for "substantial abuse" sua sponte. After finding that the Sparks' debts were not "primarily consumer debts," the Court determined that dismissal under 11 U.S.C. § 707(b) would not be appropriate. The Bank sought to appeal the Bankruptcy Court's ruling on Section 707(b) and this Court granted leave to appeal on January 16, 1986.

## II.

The 1984 Amendments to the Bankruptcy Code, Title 11, added Section 707(b) which reads:

> After notice and a hearing, the Court, on its own motion and not at the request of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. (11 U.S.C. § 707(b).)

■ The Supreme Court has not yet prescribed rules governing the procedures to be followed by the courts in deciding Section 707(b) matters.[1] It is clear that an order dismissing the debtor's Chapter 7 petition would be appealable as a final adjudication. This Court assumes that an order refusing dismissal is also appealable with leave from the district court.

Appellant charges the Bankruptcy Court with three errors: 1) it was error to find the Sparks' debts were not primarily consumer debts; 2) it was error not to find that granting Chapter 7 relief to the Sparks would amount to "substantial abuse"; and 3) it was error not to schedule a separate hearing on the 707(b) issue with notice to all parties.

■ As noted above, the Supreme Court has not yet given rules on the practice and procedure to implement Section 707(b). It is clear from the language of this section (and from the proposed rule amendment) that notice and hearing would be required before the Bankruptcy Court could dismiss a Chapter 7 petition for "substantial abuse." It is much less clear what procedure is adequate when the Bankruptcy Court declines to dismiss the petition after raising the possibility of 707(b) dismissal sua sponte. As can be seen from the language of the statute, none of the parties in interest is entitled to move for dismissal under 707(b). That power is vested solely in the bankruptcy court judge. He must use his broad discretion to decide whether and when to move for 707(b) dismissal. There is no requirement that the bankruptcy judge give notice to the parties when he is considering such a motion. Thus, for the purposes of initiating Section 707(b) dismissal proceedings, the bankruptcy judge has been given the power to open the debtor's file sua sponte and examine its contents for evidence of "substantial abuse." The vesting by Congress of this new power in the bankruptcy judge has led one court to observe that "[T]he Court is cast in a dual rule, as the adducer of evidence, as well as the arbiter." *In re Grant,* 13 C.B.C. 216, 227 (Bankr.N.D.Ohio 1985). The procedure used by the bankruptcy court to raise and rule upon the possible applicability of Section 707(b) must, therefore, strike a proper balance between these two roles.

In the present case, the Bankruptcy Judge brought up the possibility of a 707(b)

---

[1]. The Rules Committee of the Judicial Conference has proposed the following amendment to Bankruptcy Rule 1017:

(e) DISMISSAL OF INDIVIDUAL DEBTOR'S CHAPTER 7 CASE FOR SUBSTANTIAL ABUSE. An individual debtor's case under chapter 7 may be dismissed for substantial abuse only after a hearing on notice to the debtor and the trustee and such other parites in interest as the court directs. The notice shall advise the debtor of all matters which the court will consider at the hearing. "Preliminary Draft on Proposed Bankruptcy Rules and Official Forms", *Collier Bankruptcy Manual* (3rd ed., Supplement November, 1985).

dismissal in the midst of a hearing on the creditor's motion to convert to Chapter 11 and without notice to any of the parties. He then found as a matter of fact that the Sparks' debts were not "primarily consumer debts." This finding was not required to support the court's refusal to convert, but rather was made to preclude dismissal under 707(b). As such, the finding on an issue solely relevant to 707(b) dismissal was improper and cannot stand.

Although the bankruptcy court must be free to peruse the debtor's file and raise the possible applicability of Section 707(b) on its own motion, that freedom need not extend to the making of factual findings for the record without a properly noticed evidentiary hearing, as was done by the court in this instance. A more desirable method is the "show cause" procedure used first by Judge Wooten in *In re Bryant*, 47 B.R. 21 (Bankr.W.D.N.C.1984), and *In re White*, 12 C.B.C. 1245 (Bankr.W.D.N.C. 1985). That procedure appears to have successfully balanced the bankruptcy judge's dual role in these proceedings. If "substantial abuse" is suspected by the bankruptcy court, the court initiates proceedings by ordering the debtor to show cause why the petition should not be dismissed. The court, after receiving evidence (much of which may not be in the court's file), is then able to sit as arbiter of its weight, and make fully informed findings and conclusions. This procedure allows the bankruptcy judge to fairly and adequately fulfill his dual roles as adducer and arbiter under Section 707(b). *See, e.g., In re Mastroeni*, 13 B.C.D. 1129 (Bankr.S. D.N.Y.1985). It also provides a clear record of the proceedings from which either party may take an appeal.

This Court finds that the sua sponte injection of the possible application of Section 707(b) into a collateral hearing and then finding facts sufficient to preclude dismissal is tantamount to the initiation of a 707(b) motion to dismiss. As such, the Bankruptcy Court's action was subject to the requirements of proper notice and hearing. The Bankruptcy Court's primary reason for refusing section 707(b) dismissal was its finding of fact that the debts were not primarily consumer debts. Since this finding was made without the benefit of a properly noticed hearing, neither the debtors nor their creditors had an opportunity to present evidence for the court's consideration. This Court, therefore, finds it necessary to vacate that finding and remand this Cause to the Bankruptcy Court with instructions to receive evidence on the possible applicability of Section 707(b).

This Court expresses no opinion as to whether the facts of this case should warrant the initiation of a section 707(b) motion to dismiss by the bankruptcy court as a matter of law. The initiation of such a motion is left to the sound discretion of the bankruptcy courts.

Accordingly, it is hereby ORDERED that this case be REMANDED to the Bankruptcy Court with instructions to conduct a hearing on the merits of a dismissal pursuant to Section 707(b).