## In re REVCO, D.S. INC., et al., Debtors.

### No. C88-4392-A.

United States District Court, N.D. Ohio, E.D.

April 21, 1989.

Richard Lieb, William J. Rochelle, Kronish, Lieb, Weiner & Hellman, New York City, for Unofficial Preferred Equity Committee.

John Silas Hopkins, III, Baker & Hostetler, Cleveland, Ohio, for debtors.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

Stuart E. Hertzberg, Hertzberg, Jacob & Weingarten, Detroit, Mich., for Trade Creditors' Committee.

Brad Eric Scheler, Fried, Frank, Harris, Shriver & Jacobson, New York City, for Unsecured Noteholders' Committee.

John Richard Lee, S.E.C., Chicago, Ill.

Robert J. White, O'Melveny & Myers, Los Angeles, Cal., for Unofficial Committee of Secured Bank Lenders.

### ORDER

SAM H. BELL, District Judge.

Debtors, Revco D.S., Inc., *et al.* (Revco), filed petitions seeking relief under Chapter 11 of the Bankruptcy Code on July 28, 1988. On September 23, 1988, the United States Trustee (U.S. Trustee) filed a motion to appoint an examiner in the bankruptcy court. This request was opposed by all parties including the debtors. A hearing was held on October 24, 1988, after which the bankruptcy court issued a finding of facts and discussion of law in which he denied the motion. The U.S. Trustee filed a notice of appeal from this order on November 2, 1988. The Trade Creditor's Committee and debtors filed motions to dismiss the appeal in this court which raised essentially similar issues. These motions were denied by order of this court on December 28, 1988.

Currently before the court is a motion to dismiss this appeal filed by the Official Committee of Unsecured Noteholders (the Noteholders' Committee). They contend that the U.S. Trustee has no standing to advance this appeal and it must thus be dismissed. The U.S. Trustee opposes this motion and alleges that he has standing to appeal the ruling of the bankruptcy court.

The U.S. Trustee asserted in the bankruptcy court and in its appeal that appointment of an examiner is mandatory under the language of section 1104(b)(2). All of the principal constituencies including the Noteholders' Committee, on the other hand, took the position that such action was neither mandatory nor in the best interests of the parties involved. The bankruptcy court held that section 1104(b)(2) did not compel appointment of an examiner in this case and that the motion was premature, 93 B.R. 119. Further, the court stated that if granted, the appointment requested could actually hinder the debtors' rebuilding efforts. However, in finding it inappropriate to appoint an examiner at such an early stage in the proceedings, the bankruptcy judge noted that the motion could be refiled at a later date.

The Noteholders' Committee claims that the U.S. Trustee has no standing to appeal because he lacks the required pecuniary interest in these cases. The issue of standing which is thus raised must be addressed before considering the merits of the appeal. *See In re Dein Host, Inc.*, 835 F.2d 402, 404–05 (1st Cir.1987).

The former Bankruptcy Act provided that "a person aggrieved" by an order of the bankruptcy court could appeal to the district court. 11 U.S.C. § 67(c) (1976) (repealed). That language has been deleted from the new Bankruptcy Code and Bankruptcy Rules 8001, *et seq.*, which now govern bankruptcy appellate procedure, are silent on the issue of who may appeal. Nevertheless, courts considering the question have applied the same "person aggrieved" test to the issue of standing to appeal bankruptcy orders. *In re Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir. 1988); *In re Dein Host, Inc.*, 835 F.2d at 405; *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983); *In re Sweetwater*, 57 B.R. 743, 746 (D. Utah 1985); *Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711 (N.D.Ill.1985); *In re Multiple Services Industries, Inc.*, 46 B.R. 235, 236 (E.D.Wisc.1985). The reasoning underlying this limitation on standing is to prevent bankruptcy litigation from becoming "mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." *In re Johns–Manville Corp.*, 843 F.2d at 642.

Thus, it is the opinion of this court that in order to appeal a bankruptcy court order, a person must be directly and adversely affected pecuniarily. *Id.* at 641. A person is "aggrieved" if the order of the bankruptcy court diminishes his property, increases his burdens, or impairs his rights. *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987). Although the question usually arises in the context of a hopelessly insolvent debtor or marginal parties in a bankruptcy proceeding, the same test applies in this case in relation to the U.S. Trustee.

The U.S. Trustee system was devised to alleviate the need for bankruptcy judges to take an active role in supervising and administering bankruptcy cases and the possibility of acquiring a certain bias through the performance of this function. The supervisory duties formerly assigned to bankruptcy judges, have been largely transferred to U.S. Trustees under the Bankruptcy Reform Act of 1978 and on a broader basis in the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986. *See* 28 U.S.C. § 586 (Duties). The assignment of administrative duties to the U.S. Trustee relieves the bankruptcy judge to perform only the judicial matters in each case. As a "watchdog" over the administration of bankruptcy cases, the U.S. Trustee is designed to be a disinterested rather than an interested party.

Section 307 of the Bankruptcy Code grants the U.S. Trustee the broad capabili-

ty of addressing issues in bankruptcy proceedings. It provides:

> The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

11 U.S.C. § 307. The legislative history behind this section provides some insight.

> Section 208 creates a new section 11 U.S.C. 332 [later codified as section 307] setting forth the authority of the U.S. Trustee. The U.S. Trustee is given standing to raise, appear, and be heard on any issue in any case or proceeding under title 11, U.S. Code—except that the U.S. Trustee may not file a plan in a chapter 11 case. In this manner, the U.S. Trustee is given the same right to be heard as a party in interest, but retains the discretion to decide when a matter of concern to the proper administration of the bankruptcy laws should be raised. By not designating the U.S. Trustee as a party in interest, the legislation ensures that there is no confusion over the U.S. Trustee's role in a case. A party in interest normally has a pecuniary interest in a case; the U.S. Trustee has no pecuniary stake in any case, and functions solely as an impartial administrator.

H.R.Rep. No. 764, 99th Cong. 2d Sess. 27, *reprinted in* 1986 U.S.Code Cong. & Ad. News 5227, 5240.

■ It is clear that the U.S. Trustee has no pecuniary interest in this case and is thus not a "person aggrieved" to enable him to appeal. The bankruptcy order from which he appeals neither diminishes his property nor impairs his rights. The U.S. Trustee argues that his burden is significantly increased due to the refusal to appoint an examiner. This facet of the test, however, although applicable to the U.S. Trustee, does not apply to the scope of his workload as an administrator. He has been given the opportunity to appear, raise and be heard in the bankruptcy court in relation to the appointment of an examiner as authorized by statute. 11 U.S.C. § 1104(b).

The U.S. Trustee points to the broad language used by Congress in section 307 in contrast to its express denial of the right to appeal for the Securities and Exchange Commission in 11 U.S.C. § 1109(a). This court, however, has not ruled that the U.S. Trustee can never appeal. There may, indeed, be circumstances or situations posed which would giving standing to the Trustee for that purpose.

Contrary to his protest that to foreclose his appeal of an adverse ruling by the bankruptcy court is to render him a watchdog without teeth, the simple fact is that his function is to be a neutral administrator and not an advocate. This appeal in fact illustrates precisely why the standing doctrine is required. Here, all of the interested parties opposed the action proposed by the U.S. Trustee and ultimately denied by the bankruptcy court. To allow the U.S. Trustee to appeal the ruling would permit a party with no pecuniary interest to delay the resolution of the case and involve the interested parties in a needless appeal. This is especially true in this case where all interests are represented by committees.

The U.S. Trustee argues that the sweeping authority he has been given by Congress would be undermined if his power to appeal was restricted. This is not the case, however. The function he is to serve is to oversee the fair administration and proper enforcement of the bankruptcy laws. He is to be impartial and vigilant in ensuring that all disputes are fairly resolved. It is his duty to bring matters of concern to the attention of the bankruptcy court as he has in this case. However, an adverse ruling does not always necessitate an appeal. That would give him greater authority than Congress intended. He is still subject to the standing limitation which exists for every appeal.

Accordingly, the Noteholders' Committee's motion to dismiss for lack of standing (Docket No. 31) is granted and this appeal is dismissed.

IT IS SO ORDERED.