**UNITED STATES TRUSTEE FOR THE WESTERN DISTRICT OF VIRGINIA, Plaintiff,**

**v.**

**Cleatus Lanford CLARK and Cynthia D. Kinser, Trustee, Defendants.**

Civ. A. No. 89–0132–A.

United States District Court, W.D. Virginia, Big Stone Gap Division.

Dec. 28, 1989.

Thomas W. Kennedy, Asst. U.S. Atty., Roanoke, Va., Martha L. Davis, Washington, D.C., for plaintiff.

Joseph E. Wolfe, Norton, Va., Cynthia D. Kinser, Pennington Gap, Va., Frank M. Salinger, Washington, D.C., pro hac vice, for defendants.

MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This matter comes before the court on appeal from the United States Bankruptcy Court for the Western District of Virginia. 100 B.R. 821. Cleatus Clark is a debtor in Chapter 7 bankruptcy. The United States Trustee received a letter, sent on behalf of one of Clark's creditors, which urged the United States Trustee to file a motion to dismiss Clark's case under 11 U.S.C. § 707(b). In response to the letter, the United States Trustee began an investigation and filed motions for the examination of Clark under Bankruptcy Rule 2004 and for an extension of time within which the Trustee could object to Clark's discharge. The United States Trustee now appeals from the bankruptcy court's denial of the written motion for an extension of time and of an oral motion to dismiss under section 707(b).[1]

---

1. Section 707(b) reads:
   After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or sug-

gestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief

Problematic to the Trustee's appeal is the issue of standing. In their initial briefs, the parties did not address the issue. A number of courts in reported decisions appear to have assumed that a United States Trustee has standing to appeal the denial of its section 707(b) motion. *See, e.g., In re Herbst,* 95 B.R. 98, 99 (W.D.Wis. 1988) (U.S. Trustee wins on appeal); *In re Braley,* 103 B.R. 758, 764 (Bankr.E.D.Va. 1989) (suggesting the need for solicitation of *amicus* parties should the U.S. Trustee appeal); *In re Wegner,* 91 B.R. 854, 859 n. 12 (Bankr.D.Minn.1988) (inviting the U.S. Trustee to appeal).

Recently, however, a district court in Ohio issued an opinion which casts doubt on the standing of the United States Trustee to appeal most issues. In *In re Revco D.S., Inc.,* 99 B.R. 778 (N.D.Ohio 1989), the court concluded that the United States Trustee was not a "person aggrieved" and therefore could not appeal a bankruptcy court order which denied the U.S. Trustee's motion for appointment of an examiner. *Id.* at 780. The court relied on decisions in cases under the Bankruptcy Code which have applied the pre-Code standard for determining who has standing to appeal. *Id.* at 779 (citing *In re Johns–Manville Corp.,* 843 F.2d 636, 642 (2d Cir.1988); *In re Dein Host, Inc.,* 835 F.2d 402, 405 (1st Cir.1987); *In re Fondiller,* 707 F.2d 441, 443 (9th Cir.1983); *In re Sweetwater,* 57 B.R. 743, 745 (D.Utah 1985); *Unsecured Creditors Committee v. Leavitt Structural Tubing Co.,* 55 B.R. 710, 711 (N.D.Ill.1985); *In re Multiple Services Industries, Inc,* 46 B.R. 235, 236 (E.D.Wis.1985)).

The rationale for the "person aggrieved" standard "is to prevent bankruptcy litigation from becoming 'mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order.'" *Revco,* 99 B.R. at 779 (quoting *Johns–Manville,* 843 F.2d at 642). This court generally supports the policy behind

the rule. As *Revco* is the only case the court has found which applies the "person aggrieved" test to a United States Trustee, however, the court felt the need to solicit supplemental briefs from the parties on the issue of standing.

The United States Trustee has now submitted three arguments in support of its standing to appeal: (1) that the Bankruptcy Code should be interpreted to displace the "person aggrieved" rule and confer standing on United States Trustees, (2) that the United States Trustee's non-pecuniary interest in the case is sufficient to meet the "person aggrieved" standard, and (3) that in any event, this case involves special matters which require review. The Trustee has noted that the *Revco* decision is now before the Sixth Circuit. The court concludes, however, that it will follow *Revco* at least in the context of the particular motions at issue in this case.

Significant to the court's decision are the history and purpose of 11 U.S.C. § 707(b). Congress enacted the original section 707(b) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the BAFJA"). The confused state of the legislative history behind the BAFJA does not obscure the legislative purpose underlying section 707(b).

The purpose of section 707(b) appears to have been to allow bankruptcy courts to remedy the perceived abuse of Chapter 7 bankruptcy by individual debtors with primarily consumer debts who may have adequate income to make payment on them. At the same time, however, Congress sought to avoid creating a new avenue by which creditors could harass debtors or relitigate matters concerning discharge. Consequently, as originally enacted, section 707(b) allowed bankruptcy courts to consider the substantial abuse issue only on their own motions and not at the suggestion or request of a "party in interest."

would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.
11 U.S.C. § 707(b) (1986). The bankruptcy court denied the United States Trustee's motions

because the United States Trustee had acted on the creditor's letter in violation of the "suggestion or request of a party in interest" language. *In re Clark,* 100 B.R. 821 (Bankr.W.D.Va.1989).

The original statute created many conceptual difficulties. As to the role of the United States Trustee, some courts concluded that the Trustee was a "party in interest" and therefore could not raise the substantial abuse issue. *See, e.g., Matter of Christian*, 51 B.R. 118 (Bankr.D.N.J. 1985). Congress amended section 707(b) in 1986 to reverse these holdings. The conference report stated, in effect, that whether or not a United States Trustee was technically a "party in interest", Congress had intended to exclude only creditors from filing section 707(b) motions. Under the amended section 707(b), the United States Trustee was to serve the function of bringing information about abusive filings to the attention of the bankruptcy courts.[2] The 1986 amendment did not in any way eliminate or reduce the bankruptcy court's discretion to decide whether a case involved substantial abuse.

The United States Trustee argues that 11 U.S.C. § 307 empowers the Trustee to appeal. On its face, section 307 makes no reference to appeals, but states merely that a United States Trustee "may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title." 11 U.S.C. § 307. The right to appeal emerges as section 307 contrasts with 11 U.S.C. §§ 1109(a) and 1164, in which Congress has given the Securities and Exchange Commission ("the SEC"), the Interstate Commerce Commission, the Department of Transportation, and state regulatory agencies the right to appear and be heard in certain cases but explicitly denied the right to appeal. 11 U.S.C. §§ 1109(a) & 1164.

This argument is attractive in the sense that the position of the United States Trustee as a neutral administrator appears to be more closely analogous to the positions of these government agencies. All "parties in interest," however, are empowered to appear and be heard in Chapter 11 cases under section 1109(b). The limitation on the standing of "parties in interest" to appeal, which is the pre-Code "person aggrieved" test, no longer appears in the statutes. Assuming that the retention of the "person aggrieved" standard was within the intent of Congress, then the court can conclude no more from the contrast between sections 1109(a) and 1109(b) than that Congress intended that sometimes parties in interest may bring their own appeals but never the SEC. Likewise, as to the contrast between sections 1109(a) and 307, the court can conclude no more than that Congress did not intend to preclude the United States Trustee from ever raising its own appeals.

The United States Trustee's *in pari materia* argument is further weakened by reference to section 707(b) and Bankruptcy Rule 1017(e). Section 707(b) specifically allows a bankruptcy court to raise the substantial abuse issue on its own motion. This court does not believe any party has standing to appeal from a court's denial of its own motion.[3] The court sees no reason why a different result should obtain when the bankruptcy court denies the motion of a United States Trustee.

Section 707(b) combines with Rule 1017(e) to define the procedural requirements for section 707(b) dismissal. The rule was drafted prior to the amendment to

---

**2.** The conference report reads, in part:

Under current law, the court may dismiss a Chapter 7 case on grounds of substantial abuse only 'on its own motion and not at the request or suggestion of any party in interest.' Some question has arisen as to whether United States Trustees and panel trustees are considered 'parties in interest' for purposes of this section, and are thus precluded from bringing information to the attention of the court in the issue of substantial abuse. [Citing *Christian*]. The Conference Report clarifies the ability of the U.S. Trustee under Section 707(b) to bring such information to the

attention of the court. The original intent of this subsection was to preclude creditors from exercising this function.

H.R.Conf.Rep. No. 958, 99th Cong., 2d Sess. 46–47, *reprinted in* 1986 U.S.Code Cong. & Admin. News 5227, 5246, 5247–48.

**3.** *Central National Bank of Woodway–Hewitt v. Spark,* 61 B.R. 285 (W.D.Tex.1986) is implicitly to the contrary. In *Spark,* a creditor successfully appealed the bankruptcy court's denial of its own section 707(b) motion. The opinion does not suggest that the parties contested the creditor's standing.

section 707(b) which allowed United States Trustees to move for dismissal. In effect, the statute and the rule provide that the procedural requirements of notice and a hearing apply only in favor of the debtor and only before the bankruptcy court dismisses the case. Significantly, the rule imposes no requirement of notice and a hearing where the court declines to dismiss the case. If the intention was that parties other than the debtor should be able to appeal adverse decisions with regard to the section 707(b) issue, then presumably the rule would afford them some procedural protection and the opportunity to create a record as to allow for meaningful review.[4]

The United States Trustee attempts to articulate a cognizable interest which would give it standing under the "person aggrieved" rule. In *Securities and Exchange Commission v. United States Realty & Improvement Co.*, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), the Supreme Court held that the SEC, having intervened in a bankruptcy case, had standing to appeal under the "person aggrieved" test the denial of its motion challenging the propriety of allowing the debtor to proceed under Chapter XI under the Bankruptcy Act.[5] The Court observed that the SEC's "only interest" was "a public one." 310 U.S. at 460, 60 S.Ct. at 1055. "The 'claim or defense' of the Commission founded upon this interest has a question of law in common with the main proceeding in the course of which any party could challenge the propriety of the court's proceeding under Chapter XI." *Id.* The Court concluded, therefore, that the SEC was a "party aggrieved" and entitled to appeal. *Id.*

In other words, the Court concluded in *United States Realty* that the same policy underlying the SEC's right to intervene under Rule 24 of the Federal Rules of Civil Procedure supported its standing to appeal. Rule 24 allows government agencies to intervene permissively into litigation among private parties so that the law at issue may be more vigorously enforced. The United States Trustee's section 707(b) motion, by contrast, raises a question of law which no party in interest can raise: substantial abuse. Generally, the policy underlying the creation of the office of the United States Trustee is not unlike the policy underlying Rule 24(b), to fill the void left by private litigants who are unable or unwilling to pursue their rights. *In re A–1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir.1986). Section 707(b), however, represents an exception to this general policy for although it allows the United States Trustee to help the court with the substantial abuse issue, no private litigant may raise this issue.

The court rejects the analogy between the present case and *United States Realty*. The task of enforcing the substantial abuse section of the Code belongs not with private litigants or with the United States Trustee but with the bankruptcy courts. Congress has empowered the United States Trustees to facilitate the courts' efforts. By preventing parties in interest from raising the issue, however, Congress precluded any party from raising the substantial abuse issue on appeal, other than a debtor whose case has been dismissed.

The court similarly concludes, following *Revco*, that the United States Trustee is without standing to appeal the denial of its written motion for an extension of time to object to Clark's discharge.

Accordingly, an order will be entered dismissing this appeal.

---

**4.** The court observes that the preliminary draft of the proposed amendments to the bankruptcy rules does accommodate the 1986 amendment to section 707(b) but does not alter this analysis. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Bankruptcy Rules, Rule 1017(e) (August 1989).

**5.** The statutory predecessor of section 1109(a) did not apply to proceedings under Chapter XI.