PHILLIPS, Circuit Judge:
This is an appeal by a United States trustee (trustee) from the district court’s decision that the trustee did not have standing to appeal a bankruptcy court’s refusal to entertain a motion by the trustee to dismiss under 11 U.S.C. § 707(b), and from the bankruptcy court’s underlying dismissal of the motion. Because we hold that the trustee has standing to appeal and, on the merits, that the trustee can file a § 707(b) motion at the suggestion of a creditor, we reverse both the district court and bankruptcy court decisions.
• I
After Cleatus Clark (Clark) filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, one of Clark’s creditors, Great Western Consumer Company (Great Western), sent the trustee a letter informing the trustee that Clark’s statements about his income and expenses might be inaccurate. The letter asked the trustee to consider filing an 11 U.S.C. § 707(b) motion to dismiss Clark’s petition for “substantial abuse.” Great Western also sent a copy of the letter to Clark’s attorney.
After receiving the letter, the trustee began an investigation of Clark by filing a motion for examination of Clark under Bankruptcy Rule 2003. During the hearing on the motion, the trustee made an oral motion to dismiss for “substantial abuse” under Bankruptcy Code § 707(b). The trustee asked for a hearing on the § 707(b) motion and for permission to file a brief on the issue. Section 707(b) authorizes the bankruptcy court to dismiss a Chapter 7 petition because of “substantial abuse” “on its own motion or on a motion by the Unit *795 ed States trustee, but not at the request or suggestion of any party in interest.” 11 U.S.C. § 707(b). The bankruptcy court indicated that it would rule on the § 707(b) motion if and when the parties submitted briefs.
Before any papers were filed, however, the court issued a Memorandum Opinion and Order dismissing the trustee’s motion because it was “essentially the motion[ ] of Great Western as appears from the letter." 100 B.R. 821, 822 (W.D.Va.1989). The court interpreted § 707(b) as barring the trustee from instituting a “substantial abuse” motion at the suggestion of a creditor, who is a “party in interest.” Id. at 823-24.
The trustee appealed this ruling to the district court. The district court dismissed the appeal, holding that the trustee did not have standing to appeal the bankruptcy court’s denial of a § 707(b) motion. This appeal followed.
II
On this appeal, the trustee contends (1) that he does have standing to appeal the bankruptcy court’s denial of his § 707(b) motion, and (2) that we should now rule in his favor on the underlying issue of the propriety of the bankruptcy court’s refusal to consider his § 707(b) motion, notwithstanding that the district court did not reach that issue.
We address these contentions in turn.
A
In 1986, Congress amended 11 U.S.C. § 707(b) to allow U.S. trustees to file § 707(b) motions to dismiss in cases where the trustee believes the debtor has engaged in “substantial abuse.” See H.R. Conf.Rep. No. 958, 99th Cong., 2d Sess. 46-47, reprinted in 1986 U.S.Code Cong. & Admin.News 5246, 5247-48. Here the trustee filed a § 707(b) motion, which the bankruptcy court dismissed without a hearing on the merits. On appeal to the district court, the trustee sought to contend that the bankruptcy court had misinterpreted § 707(b), and thereby interfered with the trustee’s statutory right to bring a motion to dismiss for “substantial abuse.” As indicated, the district court dismissed the appeal on the basis that the trustee lacked standing. We disagree.
In In re Revco D.S., Inc., 898 F.2d 498 (6th Cir.1990), the Sixth Circuit held that a trustee had standing to appeal the bankruptcy court’s refusal to appoint an examiner under 11 U.S.C. § 1104(b)(2). The Sixth Circuit based its decision in part on the trustee’s role as a “watchdog” over the bankruptcy process who must see that the bankruptcy laws are enforced. Revco, 898 F.2d at 500. See also In re Plaza de Diego Shopping Center, Inc., 911 F.2d 820 (1st Cir.1990) (agreeing with Sixth Circuit’s analysis). The trustee serves the role of “ ‘protecting the public interest and ensuring that bankruptcy cases are conducted according to law.’ ” Revco, 898 F.2d at 500, quoting H.Rep. 595 at 109, reprinted in 1978 U.S.Code Cong. & Admin.News at 5787, 6070. The same reasoning applies in the present case: if a trustee is allowed to appeal the bankruptcy court’s refusal to appoint an examiner under § 1104(b)(2), he should also be able to appeal refusals to consider § 707(b) motions, because he is serving the same enforcement role in both situations.
Courts traditionally have used the “person aggrieved” test to determine appellate standing in bankruptcy cases. This test was originally codified in § 39(c) of the original Bankruptcy Code, but abandoned when Congress repealed that section in 1978. 11 U.S.C. § 67(c) (repealed 1978). Even so, courts have continued to use the test. Revco, 898 F.2d at 499; Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir.1989). In general application, the term “person aggrieved” has been construed to mean a party “directly and adversely affected pecuniarily.” E.g., Matter of Fondiller, 707 F.2d 441, 442 (9th Cir.1983). United States trustees, who never have pecuniary interests in cases, could not of course meet this standard, but there are other standards applicable to parties such as these trustees. See Revco, 898 F.2d at 499 (pecuniary test “not the only test”).
*796 In Securities & Exchange Comm’n v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), the Supreme Court held that standing to appeal under the Bankruptcy Act as a “party aggrieved” may arise from a party’s official duty to enforce the bankruptcy law in the public interest. United States Realty found standing by the SEC to appeal an adverse bankruptcy court ruling affecting such a public interest. 310 U.S. at 460, 60 S.Ct. at 1055. The Sixth Circuit, in Reveo, held that a U.S. trustee had standing on this basis, because a trustee “represents such a public interest.” 898 F.2d at 499. See also In re Plaza de Diego Shopping Center, Inc., 911 F.2d 820, 824 (1st Cir.1990).
The district court in this case rejected the trustee’s interpretation of United States Realty. It distinguished United States Realty because the SEC in that case had a right to intervene under Fed.R.Civ.P. 24, in order to insure that in litigation between private parties “the law may be more vigorously enforced.” Correspondingly, it must have standing to appeal a ruling adverse to a public interest which it might intervene to protect. By contrast, the court noted, here the trustee attempts to raise a question that no party in interest could have raised in the bankruptcy court: that of substantial abuse by the debtor. United States Trustee v. Clark, 108 B.R. 566, 569 (W.D.Va.1989).
We think the distinction not a tenable one. In making a § 707(b) motion, a trustee is attempting, as was the SEC in United States Realty, to enforce the law in the public interest — in this case the interest of the public in avoiding substantial abuse of the bankruptcy process — by moving under § 707(b) to dismiss a debtor’s petition. Because the trustee has a statutory right to bring such a motion, he does not need any right to intervene. This makes it irrelevant that no party in interest can raise the substantial abuse issue. From this it follows that if a trustee alleges that the bankruptcy court’s ruling — here, that he could not make a § 707(b) motion — has interfered with his ability to enforce the law against abuse of the process, then he has standing to appeal that ruling under the United States Realty rationale.
The Bankruptcy Code’s language and structure also support the trustee’s standing to appeal here. Plaza de Diego Shopping Center, 911 F.2d at 824; Revco, 898 F.2d at 500. Under 11 U.S.C. § 307, the trustee has the right to “appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.” 11 U.S.C. § 307. The House report on this section explained that the trustee was “given standing” under § 307 even though the trustee had no pecuniary interest in any case. H.R.Rep. No. 764, 99th Cong., 2d Sess. 27, reprinted in 1986 U.S.Code Cong. & Admin.News 5227, 5240.
Moreover, although § 307 does not provide an express right to appeal, reading § 307 in relation to other bankruptcy provisions which specifically proscribe appeals by other agencies indicates that Congress intended that the U.S. trustees should have appellate standing in this type case. For example, § 1109(a) of the Code now gives the SEC the right to appear and be heard on any issue, but prohibits the agency from appealing any bankruptcy court rulings. 11 U.S.C. § 1109(a) (enacted in 1978, after the United States Realty decision). In addition, § 1164 gives the same right to the Interstate Commerce Commission and the Department of Transportation, but also prohibits these agencies from taking appeals. 11 U.S.C. § 1164. The Sixth Circuit found in this structural arrangement “further proof ... that Congress intended the U.S. trustee to have appellate standing.” Revco, 898 F.2d at 500. See also Plaza de Diego Shopping Center, 911 F.2d at 824. From these examples, we believe that had Congress intended to prohibit the U.S. trustees from appealing adverse bankruptcy court rulings, it would have done so explicitly.
For these reasons, we hold that the trustee has standing to appeal the bankruptcy court’s decision.
B
Because we hold that the trustee has appellate standing, we proceed to the *797 merits of the appeal, which is narrowly whether a U.S. trustee can make a § 707(b) motion on the suggestion of a creditor. Though the district court did not reach that issue, and we ordinarily do not address matters in the first instance on appeal, we are satisfied that it is appropriate to do so here. The issue whether a trustee can bring a § 707(b) motion to dismiss after a creditor has first suggested it is legal, not factual in nature, has been thoroughly briefed by both parties, and can be decided on a record which is complete for the purpose. See Revco, 898 F.2d at 500, citing Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).
The bankruptcy court thought that a trustee could only make a motion to dismiss under § 707(b) if no party in interest earlier had suggested such a possibility to him. We do not think § 707(b) permits such an interpretation. It reads as follows:
After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.
11 U.S.C. § 707(b). The bankruptcy court held that the plain language of section 707(b) prohibited the trustee from filing a motion to dismiss for substantial abuse at the request or suggestion of a creditor. Although we note that at least one other bankruptcy court and Collier agree with this reading, In re Restea, 76 B.R. 728, 733 (D.S.D.1987); 4 Collier on Bankruptcy § 707.05 at 707-16 (15th ed. 1990), we read the section differently. The language of section 707(b) only bars the court from dismissing a debtor’s Chapter 7 petition “at the request or suggestion of any party in interest”; it does not bar the trustee from making a motion at the suggestion of a creditor, or the court from considering the motion. The phrase “but not at the request or suggestion of any party in interest” modifies what the court can do, since “the court” is the subject of the sentence. Section 707(b) imposes no such limitations on the trustee. See In re Busbin, 95 B.R. 240, 242 (N.D.Ga.1989) (without relying on plain language of statute, holds that trustee can bring § 707(b) motion to dismiss at suggestion of creditor).
This interpretation is bolstered by the fact that it does not interfere with the purpose of § 707(b)’s provision that parties in interest cannot address substantial abuse motions directly to the bankruptcy court. The trustee’s ability to consider suggestions by creditors will not result in harassment of debtors because the trustee must make an independent judgment about whether it is appropriate to file a § 707(b) motion to dismiss. Moreover, barring the trustee from acting at the suggestion of a creditor could have the negative effect of deterring interested persons from making relevant information available to the trustee. See, e.g., Busbin, 95 B.R. at 242. This could impede significantly the trustee’s obligation to investigate possibilities of substantial abuse.
For the foregoing reasons, we reverse the bankruptcy court’s ruling that it could not entertain the trustee’s § 707(b) motion.
Ill
In sum, we hold that the trustee has standing to appeal the bankruptcy court’s dismissal of his § 707(b) motion. We also hold that the trustee can file a motion to dismiss for substantial abuse under § 707(b) at the initial suggestion of a creditor. The decisions of the district court and the bankruptcy court are therefore reversed. The case is remanded to the district court for remand to the bankruptcy court for consideration of the trustee’s motion and for such further proceedings as may then be appropriate. In reversing, we intimate no opinion on the merits of the trustee’s motion to dismiss.
REVERSED AND REMANDED